## JORDAN v. MITCHELL.

USURY—*intent*—*plea.* To constitute usury, there must always be a loan in contemplation by the parties.

No contract which in its inception is unaffected by usury *can* ever be invalidated by any usurious transaction.

To constitute usury, there must be an intent to contract for and to take usurious interest.

If neither party intends usury the law will not infer a corrupt agreement.

A note for $700, bearing interest at *ten* per cent., the consideration of which was oxen worth $200, and $500 of Confederate money, worth but fifty cents on the dollar, is not usurious in its inception.

The facts and acts which constitute usury, and an usurious intent, must be averred in the plea with certainty, and not left to inference.

*Appeal from Drew Circuit Court.*

Hon. JOHN MURRY, Special Circuit Judge.

W. T. WELLS, for appellant.

L. H. PIKE, for appellee.

McCLURE, J.

This was an action of assumpsit by attachment, brought by Jordan against Mitchell in the Drew circuit court, on a promissory note executed and delivered to plaintiff, on the 9th day of February, 1963, for $700, with ten per cent. interest.

The error complained of, by plaintiff in error, is: "That the said circuit court overruled the demurrer of the plaintiff to the defendant's second plea, and rendered judgment thereon in favor of the defendant, when said demurrer should have been sustained, and judgment rendered thereon in favor of the plaintiff."

The second plea here complained of admits the indebtedness of defendant to plaintiff, in the sum of $200, for two yokes of oxen, and that he, defendant, borrowed $500, in depreciated currency, commonly called "Confederate money," from plaintiff, and executed his promissory note to plaintiff therefor, as alleged in plaintiff's declaration, and avers that the depreciated currency, borrowed as aforesaid, was not worth more than fifty cents on the dollar; that the act aforesaid was corrupt and against the form of the statute, &c.; that the said sum of seven hundred dollars, in said plaintiff's declaration mentioned, so agreed to be paid, as therein stated, for the sum of two hundred dollars, and for the loan, as aforesaid, exceeds the rate of ten per centum per annum for the forbearing of four hundred and fifty dollars, for five months, and was and is usurious and void, &c.

To this plea plaintiff demurred upon the ground:

First. "That said second plea does not allege the sole consideration of said promissory note was Confederate money, but shows that only a part of the consideration was Confederate money."

Second. "That said plea is a defense to the whole action, when it shows there was a consideration for a part sued on, that was not Confederate money, and is not impeached."

Third. "That said Confederate money was not money, the same never having been issued or put in circulation by any lawful authority as money," &c.

The demurrer was overruled, and plaintiff refusing to plead further, the court rendered judgment for defendant, and plaintiff took his appeal to this court.

This court held, in *Gregory v. Bewley*, 9 *Ark.*, 22, that, to constitute usury, there must be an intention to take usurious interest, and that where one. loans depreciated bank paper and takes his note therefor, payable in dollars, the transaction is. not usurious, unless the form given to the transaction was. a device to cover usury.

There are two cardinal rules in the doctrine of usury, which must be regarded in all adjudications on the subject.

First. To constitute usury, there must be a loan in contemplation by the parties.

Second. That a contract, which in its inception is unaffected by usury, can never be invalidated by any usurious transaction.

There must be an intention knowingly to contract for and to take usurious interest, for, if neither party intend it, the law will not infer a corrupt agreement. See *Moody v. Hawkins*, decided at this term.

Here, then, was a transaction which, at the time, appears not to have been usurious at its inception, because the defendant admits that he purchased the oxen, and that they were worth $200. There is no allegation or averment in the plea that the defendant was asked, forced or compelled to take the oxen at $200, in order to secure the loan of $500 in depreciated currency; nor is there any allegation or averment in the plea, that the plaintiff and defendant resorted to the use of this depreciated currency as a form or device to cover an usurious transaction.

The defendant does not aver that the note, or any part thereof, was illegal; he simply states that the Confederate money, for which he executed his note, was worth but fifty cents on the dollar, and from this, expected the court to deduce the conclusion that the contract was usurious. This is not sufficient. The facts and acts that constitute usury, and an intent to take more than legal interest, must be averred with certainty and not left to inference.

The sufficiency of the plea is the only question presented,

and we are of opinion that there was error in the court below in overruling the demurrer.

Let the judgment be reversed, and cause remanded to the court below, to be proceeded in according to law and not inconsistent with this opinion.

Judge HARRISON, being disqualified, did not sit on this case.

Hon. JOHN WHYTOCK, special Supreme Judge.