EL PASO FOUNDRY & MACHINE COMPANY v. MARTHA B. DE GUEREQUE.

Decided April 10, 1907.

**1.—Jury—Crediblity of Witness.**

The jury, being the sole judges of the credibility of witnesses and the weight to be given to their testimony, have the right to reject the testimony of a witness although he is not contradicted by other witnesses, when the circumstances cast suspicion upon his statements or render them inconsistent with reason and common observation.

**2.—Negligence—Prima Facie Case.**

In a suit for personal injuries caused by the straightening of a hook used to lift a smoke-stack and the consequent falling of the smoke-stack, proof of the straightening of the hook under the circumstances shown made a prima facie case of negligence against the defendant which it was required to meet by evidence of careful selection and testing of the hook, and the duty of doing this rested upon the vice-principal of the defendant and could not be delegated to a fellow-servant of the plaintiff.

Appeal from the District Court of El Paso County. Tried below before Hon. J. M. Goggin.

*Turney & Burges,* for appellant.

*T. A. Falvey,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is a suit instituted by appellee to recover damages arising from the death of her son, which was alleged to have been caused by the negligence of appellant in furnishing a hook attached to a block and tackle that was being used in lifting an iron smokestack to a perpendicular position, and that was not of sufficient strength to sustain the weight of the smokestack or iron chimney, and gave way and dropped the smokestack on her son and killed him. A trial by jury resulted in a verdict and judgment for appellee in the sum of $1,333.

There is practically no conflict in the evidence, which shows that deceased, an employe of appellant, was engaged with others under the supervision of Crawford, the foreman, in erecting an iron smokestack for an electric light company, that the smokestack was brought to the place where it was to be used, on a wagon, and after a rope had been tied about it and a block and tackle had been attached to the rope by means of a hook, a windlass was turned and the smokestack lifted from the wagon to the ground. While the smokestack was being lifted from the wagon to the ground, deceased and five others shook or "pounded" the smokestack with their hands to test its strength. After the smokestack had been raised by the turning of a windlass to a height at one end of 20 or more feet it fell and struck and injured the son of appellee so that he died a few hours afterwards. An examination showed that the fall of the smokestack was caused by the straightening of the hook, which caused the rope to slip off.

The test of shaking or "pounding" with the hands was the only test made at the time of the disaster. Crawford, who had charge

of the work, swore, however, that he had used the same hook, sometime before the accident in raising a smokestack which he swore weighed 600 or 700 pounds more than the one that fell, but which according to the dimensions given by him of the two smokestacks must have weighed nearly 3,000 pounds more. He stated that the hook had never been used except to raise two smokestacks, and it had the appearance of being sound. It did not break but merely straightened so as to permit the rope, that was tied around the smokestack, to slip off its end. Deceased was a man about 32 years of age and was contributing to the support of his mother.

Through the first and second assignments of error appellant claims that there was no evidence of negligence on its part, that caused the death of appellee's son, because it was shown that the hook had been tested in raising the first smokestack, which was much heavier than the last, and that it was as conclusive a test as could have been applied. That position might be maintainable if it could be held that it was the imperative duty of the jury to accept what Crawford said in regard to the matter. But we cannot lay down such a rule in this case. The jury was confronted by the fact that while the smokestack was suspended in the air, and was stationary, the hook on the block and tackle by which it was being raised, straightened and allowed the rope to slip from it and the smokestack to fall to the ground. The hook was evidently too weak to hold up an iron cylinder weighing only 4,300 and the jury might well view with suspicion a statement that it had borne the weight of another weighing from 5,000 to 7,000 pounds. It was an unreasonable story that carried its refutation within itself, and the jury were empowered to reject the testimony as unworthy of belief. The jury, under our system of laws, are the sole judges of the credibility of the witnesses and the weight to be given their testimony, and they have the authority to reject the testimony of a witness although he is not contradicted by other witnesses, when the circumstances cast a suspicion upon his statements, or render them inconsistent with reason and common observation. Cheatham v. Riddle, 12 Texas, 112; Coats v. Elliott, 23 Texas, 613; Dwyer v. Bassett, 63 Texas, 274; Houston, E. & W. T. Ry. Co. v. Runnels, 92 Texas, 305; Galveston, H. & S. A. Ry. v. Murray, 99 S. W. Rep., 144.

In the cited case of Ry. v. Runnels the Supreme Court said: "It is the province of the jury to pass upon the credibility of the witnesses and they may disregard the testimony of a witness who has neither been impeached nor contradicted, if they believe his statements to be untrue from his manner of testifying, prejudice exhibited towards the opposite party, or his interest in the result of the litigation, or other things indicating that the evidence is not reliable." It is in the face of reason to say that a hook that had held up from 5,000 to 7,000 pounds and had not been used since would give way under a weight of 4,300, and the uncorroborated assertion of a witness to that effect might with propriety be rejected by a jury.

The test applied at the time of the accident, that of striking with the hands on the smokestack, was clearly inadequate and the jury was justified in so treating it. There was no adequate test made of the

lifting strength of the hook, which was to stand between the employes of appellant and instant death.

Proof of the hook straightening out under the mere weight of the smokestack, without any jerking or other circumstances to intensify the weight or increase the pressure on the hook, was proof that the hook was too weak for the purposes for which it was used, and it devolved on appellant to show that it had used ordinary care in selecting and testing it. In other words, proof of the straightening of the hook under the circumstances shown in this case, made a *prima facie* case of negligence on the part of appellant, which it was compelled ·to meet by evidence of careful selection and careful testing of the hook. Gulf, C. & S. F. Ry. v. Wood, 63 S. W. Rep., 164; Winkelman v. Colladay, (Md.) 40 Atl. Rep., 1078; Carroll v. Chicago, B. & N. Ry., (Wis.) 75 N. W. Rep., 176; Tennessee Coal & Iron Co v. Hayes, 12 So. Rep., 98; Blanton v. Dold, (Mo.) 18 · S. W. Rep., 1149; Green v. Banta, 97 N. Y. 627; Stewart v. Ferguson, 164 N. Y., 553; Coleman v. Mechanic's Iron Foundry Co, (Mass.) 46 N. E. Rep., 1065.

There was no evidence that tended in the least to show that the son of appellee was hurt through the negligence of a fellow servant, and the court very properly declined to submit that question to the jury. The duty of testing the hook did not rest on the fellow servants of deceased. Crawford was the foreman and the vice-principal and upon him, and not the deceased or his fellow servants, devolved the duty of testing the strength of the hook, before ordering men under his charge, ·who knew nothing about the weakness of the hook but relied upon appellant to furnish safe appliances, to place themselves under the smokestack. The proposition under the assignment as to the court refusing to give the special charge in regard to fellow servants is totally foreign to the assignment. The proposition refers to a special charge in regard to the test of the smokestack about which there is no assignment copied in the brief.

The judgment is affirmed.

*Affirmed.*