ARDMORE LOAN & TRUST CO. VS DILLARD.

Opinion rendered Sept. 26, 1907.

(104 S. W. Rep. 814).

1. *Usury.*

Subsequent transactions by the parties to a contract cannot render. the contract usurious, but it must be shown that at the time of the making of the contract the parties agreed that an illegal rate of interest should be paid and accepted.

2. *Same—Evidence.*

Defendant loaned plaintiff money taking a note and mortgage therefor, also a contract to deliver to defendant certain cotton to be handled at a stipulated commission and in case plaintiff failed to do so, defendant was to be paid commission to liquidate damages. Nothing being paid and no cotton delivered, defendant sold mortgaged chattels. Plaintiff sued for conversion claiming that defendant charged $26.50 interest on $100 and that the cotton contract was merely executed at the same time as a cover for usury, there being no intention that any cotton be delivered and that defendant credited a portion of the proceeds of the sale of the mortgaged property on the cotton contract. It was held that an instruction which authorized the jury to determine question of usury by fact as to whether or not defendant collected any money on the cotton contract was erroneous; such a contract not being prima facie proof of usury.

Error to the United States Court for the Southern District of the Indian Territory; before Justice Hosea Townsend, June 24, 1905.

Action by W. A. Dillard against the Ardmore Loan & Trust Company. From a judgment for plaintiff, defendant brings error. Reversed and remanded.

This is a suit instituted by defendant in error, plaintiff below, against the Ardmore Loan & Trust Company, to recover damages in the sum of $520 for the alleged unlawful conversion

of certain property described in the complaint. Defendant justified the taking under a mortgage executed to it by Dillard. The plaintiff had borrowed of the defendant the sum of $166, for which he executed his note, and to secure its payment he executed a chattel mortgage covering the property taken by defendant. At the time of the taking, the note and mortgage were due and unpaid. At the time of the execution of the note and mortgage, the plaintiff also executed to the defendant a "cotton contract," by the terms of which he undertook to deliver to it certain cotton to be handled and sold by defendant at a stipulated commission, and on failure to deliver the cotton to pay defendant the amount of such commission as liquidated damages. No cotton was delivered under the contract. The note was not paid at maturity, and the property claimed to be covered by the mortgage was taken by defendant and sold; and, as before stated, this suit is to recover damages for the conversion.

Cruce, Cruce & Bleakmore, for plaintiff in error.

CLAYTON, J. (after stating the facts as above). One of the contentions of the plaintiff at the trial, though not pleaded, was that the interest charged upon the notes secured by the mortgage was usurious, and therefore the mortgage was void. At the trial the plaintiff proved his ownership of the property, its value, and the taking by defendant, and rested his case. The defendant introduced its mortgage and proof tending to show that it covered the property sued for. On cross-examination of one of defendant's witnesses, the plaintiff, expressly making the witness his own, drew out the fact that the cotton contract had been executed, and introduced it in evidence, together with the note secured by the mortgage. This was done over the objection of defendant. The theory upon which the cotton contract was allowed to be introduced in evidence was that, if it could be shown that this contract was executed between the parties fraudulently as a device to cover up usury

on the note, it would render the mortgage void, and therefore entitle plaintiff to recover. The only proof offered as tending to show that the cotton contract was a device or scheme to cover usury was the testimony of the plaintiff that Mr. Boone, the company's manager, who negotiated the loan, told him that he would charge him $26.50 interest on the $100 loan. He also says that he signed some paper prepared by Mr. Boone, but does not seem to know anything about the cotton contract, but admits his signature to it. The contract was made about the same time as the note and mortgage, and there is some proof tending to show that the defendant applied some of the proceeds of the sale of the mortgaged property to the cotton contract. The testimony of defendant on this point is that the cotton contract was an entirely different and independent one from the other, had nothing to do with it, and that none of the proceeds of the sale was applied to it. Upon this point the court charged the jury as follows: "Now the next question that arises is: They say there was usury in this transaction. It is not contended by plaintiff there was any usury in the execution of the note, or that the note itself carried any usury with it, but they claim that in addition to that there was a certain contract made which was part and parcel of the transaction, as liquidated damages, which the plaintiff says was simply a device to cover usury. Now the question is: Did he collect anything in connection with that contract? The defendant states that it was a matter outside the contract, that there was no cotton at all, and that there was nothing charged. If that be true, and you are satisfied that is the status of the case, and that all that was collected was the amount of the note, and the expenses incident to the taking of the stock, etc., in the execution, the foreclosing of the mortgage, then the question of usury would be eliminated; but if you should be satisfied that there was usury, and that was a usurious contract, and that the defendant did collect usury, then the court would

instruct you that the note and mortgage are both void. The defendant could not collect anything under a usurious contract. *   *   *   If there was anything collected, anything under this cotton contract, by virtue of that contract, then I would say it was usurious."

The giving of this instruction is complained of by the fifth and seventh assignments of error. In this instruction the jury are told that, in determining whether the cotton contract was a device to cover usury or not, the question is, did he collect anything in connection with that contract, and if anything was collected it would be usurious; that is, the text presented to the jury by the court as to whether the whole contract, including the note and mortgage, was void because of usury, was to be determined solely by the fact as to whether or not any money was collected by the defendant on the cotton contract. If there was, the contract, according to the instruction, was usurious and void, and the plaintiff should recover; if not, the note and mortgage were valid and would defeat plaintiff's right of recovery. On this branch of the case the only thing left for the jury to determine was whether or not any money was collected on the cotton contract. If so, their verdict was to be for plaintiff; if not, for the defendant. While it is true that if money arising from the sale of the mortgaged property given to secure the loan had been collected and applied on the cotton contract, it, in connection with other facts and circumstances, might have been considered by the jury as tending to show that, at the time the contract of loan was entered into, the cotton contract was executed simply as a device to cover usury; but certainly, standing alone, it was not conclusive of that fact, nor was it prima facie evidence, if any proof at all. In order that a contract of loan shall be held to be usurious, it must always appear that at the time the contract was entered into the parties agreed that an unlawful rate of interest should be paid and received; and in the

absence of this understanding any subsequent conduct of the parties, however fraudulent, will not make the contract an usurious one. Webb on Usury, § 31; Omaha Hotel Co. vs Wade, 97 U. S. 23, 24 L. Ed. 917; Gregory vs Bewly, 2 Ark. 22; Jordan vs Mitchell, 25 Ark. 258; German Bank vs Deshon, 41 Ark. 331; Scruggs vs Scottish Co., 54 Ark. 566, 16 S. W. 563. The mere fact, then, that money was collected and paid on the cotton contract, if it be true, is not sufficient proof to condemn the transaction because of usury. It may be said that there were other facts and circumstances proven which tended to show usury; that the plaintiff testified that Mr. Boone, the company's manager, told him at the time of the loan that he intended to charge him $26.50 interest on the $100 loan, which of course, would be usury; and that there were other circumstances in proof. But, conceding this, they were all denied by defendant's testimony as strongly as they were asserted by plaintiff; and if the court had left all of the facts and circumstances, including the payments on the cotton contract, in proof, with the denials of the opposite party, to the jury to determine from them all if there were usury, there could have been no complaint as to the charge. But this was not done. They were, in effect, told, upon this branch of the case, that they were only to consider the one question: Was there money collected and applied to the cotton contract? If so, find usury, and a verdict for the plaintiff; if not, for the defendant And this was error.

There were five other specifications of error; but, as counsel for plaintiff in error in their brief have presented no argument, we will not consider them.

For the error above pointed out, the judgment of the court below is reversed and remanded.

GILL, C. J., and LAWRENCE, J., concur.