KEY v. HICKMAN.

(Court of Civil Appeals of Texas. Austin. May 29, 1912.)

1. TRIAL (§ 25*)—RIGHT TO OPEN AND CLOSE.

Where, in an action on a note, defendant admitted in his answer that plaintiff could recover unless defeated in whole or in part by matters alleged in the answer, defendant was entitled to open and close.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 44–75; Dec. Dig. § 25.*]

2. BILLS AND NOTES (§ 476*)—FAILURE OF CONSIDERATION—PLEADING.

A plea in an action on a note executed by defendant and made payable to the order of plaintiff and a third person, and owned by plaintiff, which alleges that the note was procured on a promise that it was not to be payable until plaintiff and the third person had delivered to defendant an itemized statement of funds collected and disbursed, constituting a fund subscribed by defendant and others to secure the location of a railroad and depot, and that, unless the itemized statement showed that it was necessary for defendant to pay the note to reimburse plaintiff and the third person for payments to secure the location of the railroad and depot, the note should not be collectible, and that plaintiff and the third person refused to furnish the itemized statement, relieving defendant from liability, sufficiently pleads a failure of consideration as against a general demurrer, though it is obnoxious to a special exception.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1519–1521, 1523, 1557; Dec. Dig. § 476.*]

3. BILLS AND NOTES (§ 478*)—DEFENSES—CONSPIRACY TO EXTORT MONEY—PLEADING.

A plea in an action upon a note that it was given for an illegal consideration and in furtherance of an agreement and confederation between the payees and third persons to extort money from defendant and others on obligations similar to the note in issue is too general as against a special exception.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1522; Dec. Dig. § 478.*]

4. BILLS AND NOTES (§ 501*)—ACTIONS—EVIDENCE—ADMISSIBILITY.

Where in an action on a note executed by defendant, and payable to the order of plaintiff and a third person, and owned by plaintiff, defendant pleaded a general denial and alleged that the note was without consideration, and was given on a promise that it was not collectible until plaintiff and the third person should deliver an itemized statement of funds collected and disbursed to secure the location of a railroad and depot, nor unless the itemized statement showed that it was necessary for defendant to pay the note to reimburse the payees for payments made to secure the location of the railroad and depot, and that no itemized statement had been furnished, the exclusion of evidence that certain citizens other than plaintiff and the third person were solvent and able to guarantee the bonus required by the railroad company was proper.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1698–1707; Dec. Dig. § 501.*]

5. EVIDENCE (§ 397*)—PAROL EVIDENCE—VARYING WRITTEN CONTRACT.

An unambiguous written contract cannot be varied by parol evidence.

[Ed. Note.—For other cases, see Evidence. Cent. Dig. §§ 1756–1765; Dec. Dig. § 397.*]

6. EVIDENCE (§ 444*)—BILLS AND NOTES—PAROL EVIDENCE.

A note in the usual form and payable on demand may not be varied by a parol agreement that it should not be payable except on the happening of a contingency not mentioned in the note.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1929–1944, 2049; Dec. Dig. § 444.*]

7. BILLS AND NOTES (§ 518*)—FAILURE OF CONSIDERATION—EVIDENCE.

In an action on a note executed by defendant, and payable to the order of plaintiff and a third person, and owned by plaintiff, the proof of defendant proved that there was an agreement between the representatives of a railroad company and the citizens of a town to secure the location of a town site and depot at that town, that the note was executed for the benefit of the company to raise a fund to pay for 300 acres desired by it for a town site, and that plaintiff and the third person acted in the capacity of trustees for the citizens who subscribed to the fund, and that they had already collected sufficient funds to pay for the 300 acres and complied with the demands of the company, showed a failure of consideration of the note.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1816–1820; Dec. Dig. § 518.*]

8. BILLS AND NOTES (§ 493*)—FAILURE OF CONSIDERATION—BURDEN OF PROOF.

A maker alleging failure of consideration of the note has the burden of alleging and proving facts showing failure of consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1652–1662; Dec. Dig. § 493.*]

9. BILLS AND NOTES (§ 92*)—CONSIDERATION.

A note executed to induce the payee to enter into a written contract, afterwards made, by which he obligated himself to perform speci-

fied things, is supported by a sufficient consideration for the entire amount of the note, and the payee may collect the entire amount, regardless of whether he made or lost money as a result of his contract.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 166–173, 175–205, 208–212; Dec. Dig. § 92.*]

10. PAYMENT (§ 59*)—PLEA OF PAYMENT—NECESSITY.

In an action on a note, evidence of payment is inadmissible, in the absence of a plea of payment.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 143½; Dec. Dig. § 59.*]

Appeal from Coke County Court; G. S. Arnold, Judge.

Action by W. F. Key against Frank Hickman. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

V. O. Key, of Lamesa, and D. T. Averitt, of Robert Lee, for appellant.

RICE, J. Appellant brought this suit, seeking to recover from the appellee a balance of $400, together with interest and attorney's fees, alleged to be owing and due upon a promissory note, executed by the defendant and payable to the order of W. F. Key and J. B. Reilley, and owned by the plaintiff, W. F. Key.

The defendant's answer included a general demurrer, general denial, and a special plea, averring: First. That the note was without consideration. Second. That it was procured by fraud and false representations, and upon a promise that it was not to be collectible and payable until the plaintiff Key and his copayee, J. B. Reilley, should make and deliver to the defendant an itemized statement of the funds collected and disbursed, which were to constitute a bonus subscribed by the defendant and others, to secure the location of the railroad and depot of the Kansas City, Mexico & Orient Railway Company at the town of Bronte, in Coke county, Tex., and that, unless such itemized statement showed that it was necessary for the defendant to pay the note to reimburse Key and Reilley for payments made by them to secure the location of said railroad and depot at the town of Bronte, the same was not to be collectible. It was further alleged that Key and Reilley had failed and refused to comply with their agreement referred to, and had not furnished the defendant the itemized statement required by said agreement, and therefore the defendant was absolved from liability upon the note. And, third, that the note was given for an illegal consideration and in furtherance of an agreement and confederation between Key, Reilley, and the other persons whose names were not known to the defendant to extort and demand from the defendant and other citizens of the town of Bronte obligations similar to the note here involved.

The plaintiff filed a supplemental petition, demurring generally and specially to the defendant's answer, and traversing the matters therein alleged, which exceptions and demurrer were overruled, which ruling is assigned as error. A jury trial resulted in a verdict and judgment for the defendant, and the plaintiff has appealed.

The case was submitted to the jury on a charge presenting all three of the defenses contained in the defendant's answer, and, in effect, telling the jury that, if they found the facts to be as alleged by the defendant as to either of the three defenses, to find for him. We shall not undertake to discuss in detail the various assignments of error presented in appellant's brief, but announce our conclusions as follows:

(1) The charge that the trial judge was disqualified, for the reason that he had acted as counsel for one of the parties, was not sustained by the testimony, and no error was committed in refusing to grant a new trial upon the ground of such alleged disqualification.

[1] (2) Nor was error committed in allowing the defendant to open and close the argument before the jury. The written admission made by the defendant to the effect that the plaintiff was entitled to recover, unless defeated, in whole or in part, by the matters set up in the defendant's answer, entitled him to open and close the case before the jury.

[2] (3) While the plea of failure of consideration was very general in its terms and obnoxious to a special exception, we think it was sufficient as against a general demurrer.

[3] (4) The plea alleging an agreement and confederation to extort money was too general as against the special exception addressed to it, and that exception should have been sustained.

[4] (5) We also hold that the trial court should have sustained appellant's objections to appellee's proving that certain citizens of Bronte, other than Key and Reilley, were solvent and able to guarantee the bonus required by the railway company. That testimony was wholly immaterial, and should have been excluded.

(6) Assignments addressed to the court's charge require us to pass upon the real defense relied upon by the defendant, and our conclusion is that such defense is unsound, not supported by law, and should not have been submitted to the jury. The uncontroverted testimony shows that in the early part of 1906 the Kansas City, Mexico & Orient Railway Company had projected its line of railroad through the eastern part of Coke county, and was contemplating the location of a town site near the Colorado river, about 2½ miles from the town of Bronte. In order to prevent that result, the citizens of

Bronte began negotiations with the view of getting the railway company to abandon its purpose to establish the town site referred to, and to extend its line to Bronte. An agent of the railway company visited the town of Bronte, and stated in a public address that the road would be extended to that town and the other town site abandoned for the consideration of 300 acres of land at the latter place, the railroad company donating $2,500 to assist in purchasing the land referred to. He also stated at the same time that the company could not deal with the entire town or all of its citizens, but must deal with only a few responsible men. Thereupon a committee was appointed to raise by subscription a sufficient fund to secure compliance by the railroad with the offer so made by its agent, and the note sued upon in this case is one of the obligations that was executed for the purpose of raising that fund. It was further shown that the plaintiff W. F. Key and J. B. Reilley, the other payee in the note, entered into a written contract with the representative of the railway company, by which the former obligated themselves to furnish to the latter the 300 acres of land at Bronte, free of any expenses on the part of the railway company, that company agreeing to pay the sum of $2,500 and establish a town site and railroad depot upon the 300 acres of land, and that it would not establish another town within 5 miles of that town site. That contract was dated February 24, 1906, and the note sued on bears date February 13, 1906. The note is in the usual form of such instruments, is not ambiguous, and, according to its plain terms, is payable on demand.

[5] It is a well-established and familiar rule of law that, when there is no ambiguity in the terms of a written contract, it is not permissible to prove a parol agreement entered into at the same time or prior thereto, which would have the effect of varying the terms of the written contract.

[6] That rule has application to this case, and therefore it was no defense for the defendant to allege and prove that at or before the time he executed the note there was an agreement between him and the payees that the note was not to be paid unless the payees furnished him an itemized statement showing certain facts. If such agreement was made, it was no part of the consideration for the note, but was a parol agreement to the effect that the note should not be payable upon demand, as stated in its body, but payable only upon the happening of a certain contingency not mentioned in the note. Hence we hold that the court erred in submitting that issue to the jury, and in instructing that body to find for the defendant if it found in his favor thereon. We also hold that the court erred in submitting to the jury any question of agreement or confederation to extort funds from the defendant, as there was no testimony tending to support any such defense.

[7] 7. In conclusion we hold that the testimony presented but one question for the consideration of the jury, which was a failure of consideration, and that question was not properly submitted by the court's charge. The defendant submitted testimony tending to show that there was an agreement between the representative of the railway company and the citizens of Bronte to secure the location of the town site and depot at that town, and that the note sued on was executed for the benefit of the railway company to raise a fund to pay for the 300 acres of land desired by it for town-site purposes at Bronte, and that the plaintiff, Key, and Reilley, the other payee in the note, were acting in the capacity of trustees for the citizens who subscribed the fund referred to. If such was the fact, and Key and Reilley had already collected sufficient funds to pay for the 300 acres of land and comply with all the other demands of the railway company, then there was no consideration for the balance which the defendant had not paid upon the note here involved; and, if the defendant alleges and proves all of these facts, he will be entitled to a verdict and judgment upon another trial.

[8] But the burden rests upon him to allege and prove the facts referred to, and not upon the plaintiff to offer any proof upon the subject.

[9] However, the plaintiff submitted testimony tending to show that the note in question, as well as similar obligations by other citizens of Bronte, was executed and delivered to him and Reilley for the purpose of inducing them to enter into the written contract which afterwards was made, by which they obligated themselves, among other things, to furnish the 300 acres of land to the railway company. If the note was executed for that purpose, there was a sufficient consideration for the entire amount, and the plaintiff is entitled to collect the balance not paid, regardless of whether he and Reilley made or lost money as a result of their contract with the railway company. As said before, the charge of the court was not in harmony with these views, and for that reason the case must be reversed.

[10] As it is not complained of in appellant's brief, we do not make it ground of reversal, but merely call attention to the fact that, while the defendant had no plea of payment, he was permitted to testify that he had paid $400 on the note. We merely mention this in order that the defendant's answer may be amended so as to avoid any question as to the admissibility of proof of payment upon another trial.

For the reasons indicated, the judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.