## WILLIE HART v. THE STATE.

### No. 3477. Decided March 17, 1915.

### Rehearing denied April 21, 1915.

**1.—Seduction—Sufficiency of the Evidence.**

It is only in those cases where the testimony offered for the State, if true, does not make a case or is so unreasonable that the average person could not accept it that this court is authorized to set aside the verdict on account of the insufficiency of the evidence; but, under our law, the jury are the judges of the credibility of the witnesses, and where the testimony in the instant case for the State is clear and explicit, there is no reversible error.

**2.—Same—Evidence—Reputation for Chastity.**

Where, upon trial of seduction, defendant's witnesses had testified that the reputation of prosecutrix for virtue and chastity was bad, isolated facts upon which such reputation is based is inadmissible on the part of the defendant, although the opposite party may go into these matters on cross-examination.

**3.—Same—General Reputation—Rule Stated.**

On direct examination of a witness introduced to prove the character or general reputation at issue, the evidence must be confined to general reputation, and no evidence is allowed of particular acts of good or bad conduct either to sustain or impeach character by the party introducing the testimony. Following Boone v. Weathered, 23 Texas, 675, and other cases.

**4.—Same—Evidence—Declarations of Defendant.**

Upon trial of seduction, there was no error in not permitting the witnesses to testify that defendant had told them of certain statements which defendant claimed the prosecutrix had told him; the State not seeking to impeach defendant's reputation for truth and veracity.

**5.—Same—Charge of Court—Other Acts of Intercourse.**

Where, upon trial of seduction, the court, in his charge, submitted that prosecutrix must have been chaste at the time of the first act of carnal intercourse with defendant, and also submitted two special requested charges of defendant on this point, it was immaterial whether prosecutrix might have after said first act of carnal intercourse on defendant's promise of marriage, committed others with other men, and there was no error in the court's failure to submit a requested charge that if prosecutrix after defendant's promise to marry committed other acts of sexual intercourse with other men, to acquit.

**6.—Same—Sufficiency of the Evidence—Corroboration.**

Where, upon trial of seduction, defendant's testimony made a severe assault on the reputation of the prosecutrix for chastity, yet her testimony was clear and explicit and denied the other acts of intercourse, and was sufficiently corroborated by other testimony, the conviction was sustained.

Appeal from the District Court of Fayette. Tried below before the Hon. Frank S. Roberts.

Appeal from a conviction of seduction; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*S. L. Staples* and *John T. Duncan* and *N. A. Rector,* for appellant.— Cited Knight v. State, 64 Texas Crim. Rep., 541, 144 S. W. Rep., 967.

C. C. *McDonald,* Assistant Attorney General, for the State.—On question of corroboration and sufficiency of evidence: Merrell v. State, 70 S. W. Rep., 979; Williams v. State, 59 Texas Crim. Rep., 347; Wright. v. State, 31 id., 354.

HARPER, JUDGE.—Appellant was convicted of seduction and his punishment assessed at two years confinement in the penitentiary.

Appellant insists that the testimony of Sallie Barree, who testified to facts which would show seduction, if believed, is unworthy of belief, and that the testimony of A. F. Hill, who testified that appellant admitted to him that he had had intercourse with the girl and that he had promised to marry her, is likewise unworthy of belief. The jury under our law is the judge of the credibility of the witnesses. It is only in those cases where the testimony offered in behalf of the State, if true, does not make a case, we are authorized to set aside the verdict on account of the insufficiency of the testimony. The fact that we, if members of the jury, might or might not have found otherwise than the jury did find, does not authorize us to substitute our judgment for that of the judges of the facts under our law. Of course, if the testimony was unreasonable, or such that the average person could not and would not accept, we would be authorized to interfere. But where the testimony offered by the State is clear and explicit, and if believed authorizes a conviction, we cannot substitute our opinion of the facts for that of the twelve men sworn to pass on the evidence.

In two instances witnesses who swore that the reputation of Sallie Barree in the community where she lived for virtue and chastity was bad, the appellant desired to ask them if they had heard rumors in the community that the prosecutrix had had a miscarriage. When the witnesses had testified that her reputation for virtue and chastity was bad, this was as far as appellant, under the law, is permitted to go. He can not elicit testimony of isolated facts upon which such reputation is based. The opposite party may go into these matters on cross-examination, but the person who introduces the witnesses is not permitted to do so on direct examination. Appellant's able attorneys earnestly insist that this testimony should have been admitted to support their testimony that her reputation for virtue and chastity was bad, but they cite no authorities in support of their contention. On the other hand, the rule has always been in conformity with the holding of the court in this case. In Forrester v. State, 38 Texas Crim. Rep., 245, it is held: "On the examination in chief the general rule is thus stated: On direct examination of a witness introduced to prove the character or general reputation, 'the evidence must be confined to general reputation; and no evidence is allowed of particular acts of good or bad conduct either to sustain or impeach character. To thoroughly comprehend the scope of this rule, we must understand the reasons upon which it is founded, which are the following: (1) Every person is supposed to be capable at any time of sustaining his general reputation; but it would be unreasonable to expect anyone to be prepared, without

special notice, to answer an assault on his character, imputed by par-
ticular acts of bad conduct. (2) To allow such evidence, moreover,
would lead to the mischief of raising any number of collateral issues,
the trial of which might be almost interminable, and otherwise objection-
able, as diverting the mind of the jury from the main issue.' See 3
Rice on Crim. Ev., sec. 376, and authorities there cited; Boon v.
Weathered, 23 Texas, 675."

Again in several bills it is shown that appellant's witnesses were not
permitted to testify that "appellant had told them (the witnesses) of
certain statements which he claimed Miss Barree had told him." The
State had not sought to impeach appellant's reputation for truth and
veracity—there was just a direct conflict between his testimony and that
of Miss Barree. What Miss Barree may have told him could be tes-
tified to by appellant, but others could not be called to testify what
appellant told them Miss Barree had said. This would be hearsay pure
and simple.

The court gave all the special charges requested by appellant except
one, and in that he requested the court to charge the jury, "if you
believe from the evidence that the defendant did engage himself to
marry her (Sallie Barree) but he afterwards discovered that the prose-
cutrix had intercourse with other male persons, then he would not be
compelled to marry her, and could not be prosecuted or convicted on
a charge of seduction." The court did instruct·the jury, at the request
of appellant: "I charge you that before you can convict the defendant
the State must prove beyond a reasonable doubt that Sallie Barree, the
prosecutrix, was a virgin, and that she had never had sexual inter-
course with a man at, or prior to the first day of September, 1913, and
if you have a reasonable doubt as to whether the State has proved this
fact you will find the defendant no guilty." Also at the instance of
appellant: "I charge you further that if you believe that the prose-
cutrix, Sallie Barree, prior to the 1st of September, 1913, had carnal
intercourse with the defendant or any other male person you will find
the defendant not guilty."

The prosecutrix in her testimony says the engagement took place in
June, 1913, and thereafter on or about the first of September, 1913,
the first act of intercourse occurred. Among other defenses made by
appellant was that he and others had had carnal knowledge of the
prosecutrix prior to this time. It is seen that the court not only in
his main charge submitted that issue to the jury, but gave the two
special charges requested by appellant. He did not err in refusing to
give the third special charge from which the above excerpt is copied,
for if Miss Barree was a virgin, and appellant led her astray under a
promise of marriage, the crime was then committed, and although she
might afterwards submit to others, this would be no defense to the
crime already committed by appellant. But we might say in this con-
nection, there is no evidence that she after September 1, 1913, ever
submitted to any other person than appellant.

Appellant by two of his brothers, and by two other witnesses whose

families were united by marriage to appellant, made a severe assault on the reputation of the prosecutrix for chastity. They not only testify to her bad reputation, but also testify they themselves had had carnal knowledge of her. This she most emphatically denied and the jury find she told the truth. Her testimony on essential features is corroborated by Mr. Hill, and no error in the record being pointed out in the bills of exception or the motion for a new trial, the judgment is affirmed.

*Affirmed.*

[Rehearing denied April 21, 1915.—Reporter.]

