CAMERON v. WILLIAMS. (No. 358.)

(Court of Civil Appeals of Texas. Beaumont. May 22, 1918. Rehearing Denied June 5, 1918.)

1. BILLS AND NOTES ⇒476(2) — ACTION — PLEADING.

In an action on notes, answer setting up contemporaneous oral agreement for future determination of the amount to be paid, and alleging that it was found that only a small part of the notes was to be paid, was not a good plea of failure of consideration, but was an attempt to vary the notes by parol.

2. LIMITATION OF ACTIONS ⇒63—OFFSETS.

Where defendant gave notes to his partner, and they agreed that on dissolution of the partnership the amount due him should be remitted from the notes, and more than four years after dissolution suit was brought on the notes, the agreement was no defense, but in the nature of a set-off, and barred.

Appeal from District Court, Harris County; Chas. E. Asher, Judge.

Action by C. S. Williams against H. S. Cameron. Judgment for plaintiff, and defendant appeals. Affirmed.

G. P. Dougherty, of Houston, for appellant. L. C. Kemp, of Houston, for appellee.

BROOKE, J. This suit was filed in the Eleventh district court of Harris county on January 25, 1917, by C. S. Williams, as plaintiff, against H. S. Cameron, as defendant. A jury was demanded by defendant, but on the trial of the cause and before the conclusion thereof, by agreement of parties, the jury was waived, and all issues of fact, as well as of law, were submitted to the court. The case went to trial on March 7, 1917, and a judgment was rendered in favor of the plaintiff and against the defendant for the sum of $912.80, and all costs of suit. The suit was upon two promissory notes for the sum of $456.90 each, both dated November 27, 1912, executed and delivered by plaintiff to defendant, and due and payable 60 and 90 days after date, respectively, bearing 8 per cent. interest from date, and containing a clause providing for 10 per cent. attorney's fees. The defendant answered by plea of four-years statute of limitation, and alleged that the two promissory notes sued on by plaintiff were executed without any consideration of any kind or character.

The court sustained exceptions to defendant's answer, setting up facts connected with and surrounding the execution of the notes sued on, upon the ground that parol evidence could not be admitted to show that the consideration had failed, for the reason that said

evidence tended to vary the terms of a written contract, although said answer was presented as a plea of want of consideration and duly verified as required by statute. The court also sustained exceptions to the answer upon the ground that all of the matters pleaded as defenses to the cause of action sued on were barred by limitation, and held that so much of the plaintiff's cause of action as sought to recover $3,136.59 upon the contract of sale alleged to have been entered into between plaintiff and defendant on October 1, 1917, was barred by limitation, and proceeded to render judgment in favor of the plaintiff and against the defendant on the two promissory notes sued on. The court having sustained the special exceptions, which in effect eliminated the defendant's defenses to the notes sued on, no evidence was offered in support of the defenses set forth in paragraph 4 of the defendant's answer. The defendant duly excepted to the judgment entered, and perfected his appeal to this court.

The first, second, and third assignments of error are grouped and will be considered together, as follows:

(a) "The court erred in sustaining the plaintiff's first special exception, contained in the second paragraph of plaintiff's first supplemental petition, to the fourth paragraph of the defendant's first amended original answer."
(b) "The court erred in sustaining plaintiff's second special exception, contained in the third paragraph of plaintiff's first supplemental petition, to the fourth paragraph of the defendant's first amended original answer."
(c) "The court erred in sustaining plaintiff's third special exception, contained in the fourth paragraph of the plaintiff's first supplemental petition, to the fourth paragraph of the defendant's first amended original answer."

The proposition under the foregoing assignments is:

"In a suit on a promissory note between the original parties to the note, where a sworn answer is filed alleging that the note was executed without consideration, and alleging all of the facts of the transaction out of which the note arose, the question of consideration is open and parol evidence is admissible to show all the facts, just as in the case of allegations of fraud, accident, or mistake in the execution of an instrument sued on, and the objection that such evidence tends to vary the terms of a written contract has no application."

On the contrary, it is urged:

"An answer alleging that defendant bought property of plaintiff, and executed the notes sued on by plaintiff as a consideration therefor, and alleging a contemporaneous parol agreement that defendant was to be allowed certain credits on the notes, is not in law a pleading of want or failure of consideration."

And further:

. "An answer to a petition setting out a cause of action on promissory notes executed by the defendant, which answer alleges as a defense a parol agreement contemporaneous with the execution of said notes, to the effect that defendant in certain contingencies was not to pay the whole amount of said notes and was to be allowed certain credits thereon to be afterward determined, is an attempt to vary, change, and contradict a written contract by parol evidence,

and such facts, if true, constitute no defense to plaintiff's cause of action."

And further:

"A defendant cannot plead as a defense to a cause of action on promissory notes executed by said defendant certain money demands or claims which he has against the plaintiff, but, if he wishes to urge said demands or claims, he must set them up as offsets or counterclaims to plaintiff's cause of action."

Nowhere does the defendant allege that the property sold by plaintiff was not of the full value as agreed on at that time, nor does he allege that he failed to get possession of said property, nor does he allege that after getting possession thereof the title to said property or any part thereof failed. But appellant bases his plea of want of consideration wholly on the alleged fact that there was a parol agreement contemporaneous with the execution of said notes that the mutual debts between the parties were to be afterward adjusted and defendant was to be allowed as a credit on said notes any alleged sum found to be due defendant by plaintiff, and that afterward it was found that certain sums were due defendant from plaintiff which reduced the amount due on said notes to the sum of $368.33; and nowhere does defendant seek to set up the amount alleged to have become due him from plaintiff as an offset or counterclaim, but urges said matters strictly as a defense.

[1] Without undue consumption of space in this opinion, it will only be necessary to say that in our opinion the action of the court was correct, and the assignment is in all things overruled. Newton v. Newton, 77 Tex. 512, 14 S. W. 157; Saunders v. Brock, 30 Tex. 421; Leavell v. Seale, 45 S. W. 171; Ablowich v. Greenville National Bank, 22 Tex. Civ. App. 272, 54 S. W. 794; Bailey v. Rockwall County National Bank, 61 S. W. 531; Key v. Hickman, 149 S. W. 277; Norton v. Wochler, 31 Tex. Civ. App. 522, 72 S. W. 1025; Nelson v. San Antonio Traction Co., 107 Tex. 180, 175 S. W. 436.

The fourth and fifth and sixth assignments will be considered together, as follows:

(a) "The court erred in sustaining the plaintiff's fourth special exception, contained in the fifth paragraph of plaintiff's first supplemental petition, to the fourth paragraph of the defendant's amended original answer."
(b) "The court erred in sustaining the plaintiff's fifth special exception, contained in the sixth paragraph of plaintiff's first supplemental petition, to the fourth paragraph of defendant's first amended original answer."
(c) "The court erred in sustaining the plaintiff's sixth special exception, contained in the seventh paragraph of plaintiff's first supplemental petition, to the fourth paragraph of the defendant's first amended original answer."

Under these assignments, the following propositions are urged:

(a) "In a suit by one partner against another for the recovery of money, growing out of their partnership relation, such cause of action is not barred until the expiration of four years from the time the indebtedness or cause of ac-

tion sued on was ascertained by settlement of the affairs of the partnership."

(b) "Offsets and counterclaims not barred at the time of the filing of the plaintiff's suit can be urged as a defense to the suit, or to reduce the amount of the plaintiff's demand, where no affirmative relief is sought, although such offsets and counterclaims may be barred at the time they are set up, as independent causes of action, and as such no affirmative relief could be granted upon them."

(c) "The statutes of limitations operate upon causes of action only, and do not bar facts offered in evidence as a defense to a cause of action asserted, where no affirmative relief is prayed for by reason of such facts."

On the contrary, it is contended that actions by one partner against his copartner for a settlement of the partnership accounts are barred after four years from the time the cause of action accrued, and the cause of action shall be considered as having accrued on a cessation of the dealings in which they were interested together; and, further, that offsets and counterclaims can never be set up as a defense to a cause of action, but are separate causes of action in defendant's favor against the plaintiff, and defendant is barred by limitation from all relief as to such offsets and counterclaims where such offsets and counterclaims became due more than four years before the institution of plaintiff's suit. It seems from this record that defendant's answer shows that the notes which he attempts to set up as a defense became due August, 1912, October, 1912, and December, 1912, respectively; that the account of $312.93 was due before the partnership was dissolved; and that the Bay Shore Iron Works property was sold to plaintiff November 27, 1912.

The following cases support the contention of appellee: Nelson v. San Antonio Traction Co., 107 Tex. 180, 175 S. W. 436; Holliman v. Rogers, 6 Tex. 91; Walker v. Fearhake, 22 Tex. Civ. App. 61, 52 S. W. 629. In the case of Nelson v. San Antonio Traction Co., supra, the Supreme Court used this language:

"The conclusion then is necessarily reached that if it was the subject of an independent action by the traction company against Nelson, and did not constitute payment to Nelson for any part of the contract made with the traction company, the statute of limitation would begin to run from the time each item of the claim against Nelson originated; and if due and payable more than four years before the institution of the action by Nelson against the traction company, such claims of the traction company were barred by the statute of limitation."

[2] It is evident in the case at bar that the claims of defendant against plaintiff, as alleged, are the subjects of independent action by defendant, and did not constitute payment of plaintiff's claim, and under all the authorities of this state are barred by the statute of limitation, and are not causes of action or defenses which the courts of this state could recognize or upon which they can grant any relief. The fourth, fifth, and sixth assignments are in all things overruled.

The appellant has had a fair and impartial trial in the trial court. No error has been committed that is manifested in this record, and therefore the judgment is in all things affirmed.