### SHAW v. LUMPKIN.   (No. 2559.)

(Court of Civil Appeals of Texas. Texarkana. May 12, 1922.  Rehearing Denied May 18, 1922.)

**1. Evidence ⬤⇒432—Allegations of error in accounts for which notes given subject to exception as attempting to contradict and vary writing.**

In an action on notes given for the amounts of running accounts, allegations of the answer, alleging that defendant was furnished no itemized statement and that the accounts included erroneous charges which should be credited on the notes and that consideration for the notes had failed in that amount, were subject to exceptions as attempting to contradict and vary the written instrument without pleading fraud, accident, or mistake.

**2. Usury ⬤⇒12—Notes containing excessive interest contrary to agreement not usurious.**

Where a buyer of merchandise agreed to pay interest at the rate of 10 per cent., notes subsequently given for the amounts due with accrued interest at a greater rate than 10 per cent. were not usurious, under Const. art. 16, § 11, and Vernon's Sayles' Ann. Civ. St. 1914, art. 4980, but merely subject to reformation, as the unlawful interest was not charged in conformity to, but in violation of, the contract, evidently, because of fraud or mistake.

Appeal from Bowie County Court; O. B. Pirkey, Judge.

Action by J. D. Lumpkin against H. L. Shaw. From a judgment for plaintiff, defendant appeals. Affirmed.

From January 25, 1919, to March 26, 1921, Shaw purchased goods of Lumpkin, a merchant, on credit. Shaw was to pay the price at which Lumpkin sold such goods and interest thereon from the dates of the purchases at the rate of 10 per cent. per annum. The purchases amounted to $241.99, January 17, 1920, when the account was closed by Shaw's note for $260.80, $18.81 of which was interest claimed by Lumpkin. The purchases from the date last mentioned amounted to $459.49, October 9, 1920. The account, as it stood at that date, was closed by a note Shaw made October 14, 1920, for $499.49, $40 of which was interest. The purchases from October 13, 1920, amounted to $83.96, March 26, 1921. The account, as it stood at the last-mentioned date, was closed by a note for $87.92, $3.96 of which was interest Lumpkin claimed. Each of the notes stipulated for 10 per cent. interest on the amount thereof from its date, and for the usual attorney's fees. The suit by Lumpkin was on the three notes. In his answer Shaw alleged that, when Lumpkin called on him to execute the $499.49 note, he refused to do so until Lumpkin agreed to furnish him an itemized statement of the account and to credit the note with any overcharge therein. Shaw then alleged that Lumpkin never furnished a statement of the account as he agreed to, and further alleged that the account included erroneous charges against him, amounting to $200, which should have been credited on the note, and that the consideration for the note had failed in that amount. An exception to these allegations was sustained by the court. Shaw also alleged that the interest charged on the accounts and stipulated for in the notes was in excess of 10 per cent., was therefore usurious, and for that reason should be deducted from the amount Lumpkin sought to recover of him. The jury, on an issue submitted to them, determined to the contrary. The appeal is from a judgment in Lumpkin's favor for the amount he sued for.

Keeney & Dalby, of Texarkana, for appellant.

Sid Crumpton, of Texarkana, for appellee.

WILLSON, C. J. (after stating the facts as above).  [1] The assignment attacking as erroneous the action of the court in sustaining the exception to part of Shaw's answer, referred to in the statement above, is overruled. The allegations did not show that the consideration for the $499.49 note had failed in part. The effect of overruling the exception would have been to determine, erroneously, that Lumpkin had a right, without pleading fraud, accident or mistake, to contradict and vary the terms of a written instrument. Cattle Co. v. Carroll, 63 Tex. 48; Saunders v. Brock, 30 Tex. 421; Newton v. Newton, 77 Tex. 508, 14 S. W. 157; Leavell v. Seale (Tex. Civ. App.) 45 S. W. 171; Cameron v. Williams (Tex. Civ. App.) 203 S. W. 928.

[2] Neither the parol contract, by which Shaw bound himself to pay 10 per cent. interest on the amount of the purchases he made from the times, respectively, he made them, nor the contracts, evidenced by the notes, binding Shaw to pay interest on the amounts thereof at the rate of 10 per cent., were unlawful. The contracts denounced by the Constitution (section 11, art. 16) and statute (Vernon's Statutes, art. 4980) are contracts for a greater rate of interest than 10 per cent. Testifying as a witness at the trial, Lumpkin admitted he discovered, when Shaw filed the plea setting up usury in the notes, that the interest he charged on the $241.99 and $459.49 accounts exceeded 10 per cent. It was on this testimony, it seems, that appellant predicated his contention that the $260.80 and $499.49 notes were usurious —the theory being as we understand it, that the notes were usurious because the amounts thereof included the interest in excess of 10 per cent., charged on the accounts. This view ignores the fact that the unlawful in-

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

terest charged on the accounts was not charged in conformity to, but in violation of, the contract, and, evidently, because of fraud or mistake. Trust Co. v. Dillard, 7 Ind. T. 501, 104 S. W. 814. Shaw might, on proper pleading and proof, have had the notes so reformed as to show the true amount of the accounts and the interest he agreed to pay thereon, and in that way have confined the recovery against him to the amount of the notes and 10 per cent. interest thereon remaining after the excess interest charged on the accounts was deducted.

There is no error in the judgment, and it is affirmed.