### T. J. SAMS v. J. A. CREAGER ET AL.

#### No. 70.

**1. Insufficient Excuse for Failure to File Motion for Rehearing.** See application for leave to file motion for rehearing after expiration of fifteen days held to show no excuse for not filing the motion within the fifteen days prescribed by law.

**2. Accident as Excuse.**—If the application should show that a failure to file motion for rehearing was caused from accident, or cause other than neglect of the party affected by the judgment, this court might consider the application, notwithstanding the Court of Civil appeals had not acted upon it.

**3. Practice on Application for Writ of Error.**—In absence of a satisfactory reason for the failure to file motion for rehearing, the rule denying the writ upon nonobservance of the law requiring such motion will be enforced.

THIS is an application for writ of error to Court of Civil Appeals, Second District, in an appeal from Wilbarger County.

The Court of Civil Appeals affirmed the judgment of the trial court on February 16, 1893.

The appellants failed to file a motion for rehearing within fifteen days after the judgment of affirmance.

Subsequently, April 6, the following affidavit was filed, accompanied with a motion for rehearing which had been sent by mail to the clerk of said Court of Civil Appeals, and had been returned by said clerk for the reason that it had not been presented within the fifteen days after the judgment:

" *To the Court of Civil Appeals, Second Supreme Judicial District:*

" *T. L. Marsalis and T. J. Sams v. J. A. Creager et al.*—Appeal from the District Court of Wilbarger County.—Now comes appellant T. J. Sams, by his attorney of record, Joseph Hall, and his said attorney states upon oath, that said above cause was transferred by the Supreme Court of Texas to this court upon its organization; that thereafter he requested the clerk of this court, by letter, to give him some information about said cause, and was informed by said clerk that this court had taken said cause under consideration on or about the —— day of January, 1893, and would hand down an opinion in about three weeks thereafter.

" That he was a subscriber to the Fort Worth Daily Gazette, and examined each issue to ascertain what disposition had been made of said cause by this court, and also requested a member of the bar at this place to notice said paper for any reference to said cause appearing in it. That without fault on his part he never discovered that an opinion had been handed down by this court until said opinion was published in full in the Gazette of February ——, 1893. That on the morning the Gazette containing said opinion reached this place (Amarillo) affiant left for Deaf Smith County on professional business, and was absent four days. That on his return home a motion was presented by mail to the clerk of this court for a rehearing in said cause in behalf of appellant Sams, and that said motion was returned to affiant by the clerk of this court and not filed, because presented after the expiration of fifteen days from the rendition of the judgment in said cause by this court, which said motion is hereto attached and made a part hereof.

"Affiant says, that he used due diligence in his efforts to learn the opinion of this court in said cause as soon as the same was handed down, and his said motion for rehearing was presented to the clerk of this court as soon as possible after learning that said cause had been disposed of. Wherefore he prays this honorable court to permit him to file his said motion for rehearing nunc pro tunc.

" Joseph Hall,

"Attorney for Appellant T. J. Sams.

" Sworn to and subscribed before me, this 2d day of April, A. D. 1893.

[L. s.]                                   " J. W. Link,

" N. P., Potter County, Texas."

Upon said motion and accompanying application for a rehearing, the Court of Civil Appeals, on April 26, 1893, made the following order:

" This day came on to be heard the application of appellants to file motion for rehearing herein nunc pro tunc, which having been heard and considered by the court, is refused."

Appellants filed petition for writ of error.

STAYTON, Chief Justice.—The application for writ of error shows that no motion for rehearing was filed in the Court of Civil Appeals within the time prescribed by the statute, and the reasons shown for the failure to do so furnished no excuse for this failure, and that court refused to consider the motion.

If it had been shown that the failure to file the motion within the time prescribed by law resulted from accident or cause other than neglect of applicant, this court might consider the application, notwithstanding that the Court of Civil Appeals had not acted on the motion for a rehearing; but as no such facts are shown, the rule which requires persons to file and have acted upon motions for rehearing before coming to this court for

relief must be enforced, and for its nonobservance the application for writ of error will be dismissed, without consideration of the questions involved in the case.

It is so ordered.

*Application dismissed.*

Delivered May 18, 1893.