HOUSTON & TEXAS CENTRAL RAILWAY CO. v. J. W. GRIGSBY.

Delivered May 6, 1896.

1. Railway Company—Ejecting Trespasser from Train—Degree of Care.

The degree of care required of a railway company in ejecting a trespasser from its train is such as considerations of humanity would demand, and the authorities do not place the degree of care upon a lower plane than that of reasonable and ordinary care.

2. Same—Duty of Brakeman in Ejecting Trespasser—Burden of Proof.

In an action against a railway company for injury received by reason of a brakeman ejecting a trespasser from the train, the burden of proving that the brakeman was acting within the scope of his authority in so doing was upon the plaintiff.

3. Same—Apparent Danger Need Not be Real.

The evidence showed in an action against a railway company for personal injury, that plaintiff was on defendant's freight train as a trespasser; that he was a man of weak mind; that defendant's brakeman ordered him to get off the train while it was moving rapidly; that plaintiff said he would if the train was stopped; that the

brakeman told him that if he did not get off, he would get his gun and kill him, and started towards the caboose; and that plaintiff, believing he would execute his threat, jumped off the train and was injured. Held, that a requested instruction which made defendant's liability depend on a gun being in the caboose, and the ability of the brakeman to put his threat into execution at the very time plaintiff jumped from the train, was properly refused.

**4. Practice on Appeal—Leave to File Motion for Rehearing.**

Leave will not be granted, after the expiration of 15 days from the rendition and entry of judgment by the appellate court, to file a motion for a rehearing, where an insufficient excuse is given for the failure to file it within the 15 days.

Appeal from Dallas. Tried below before Hon. Edward Gray.

*Russell DeArmond*, for appellant.—1. A railroad company is liable to a trespasser upon its cars only when the injury is wantonly done, or from gross negligence. 2 Willson C. C., sec. 477; Railway v. Moore, 49 Texas, 31; Railway v. Brooks, 81 Ill., 245; Railway v. Michie, 83 Ill., 427; Patterson's Railway Accident Law, sec. 197; 1 Am. and Eng. R. R. Cas., 234.

2. In order to hold a railroad company liable for the acts of its servant it must be proved, not presumed, that the acts complained of were within the general scope of the servant's authority in the further-ance of the company's business and for the accomplishment of the ob-ject for which the servant is employed. It is to be presumed that the conductor of a freight train has charge and control of it, and that brakemen have no authority to eject trespassers except in obedience to orders of the conductor, and the contrary must be clearly established by proof in order to make company liable for damage inflicted by brakeman who, without orders, ejects a passenger. Railway v. Ander-son, 82 Texas, 516.

3. The verdict of the jury is contrary to the law and evidence for the reason that the uncontradicted evidence shows that plaintiff, at the time he received the injury complained of, was a trespasser on one of defendant's freight trains prohibited from carrying passengers and plaintiff was well aware of this fact.

*Harris & Knight*, for appellee.—1. In ordering a trespasser from its moving cars and in ejecting him therefrom, a railway company owes to the trespasser the exercise of ordinary care and caution to avoid in-juring him, and the court did not err in so charging. Railway v. Mother, 5 Texas Civ. App., 87, 92; Railway v. Kirkbride, 79 Texas, 458; Railway v. Watkins, 29 S. W. Rep., 232; Railway v. Jazo, 25 S. W. Rep., 712.

2. If the brakeman did not have a gun and was not in a position to execute his threat, the appellee would not necessarily be guilty of neg-ligence for jumping from the car, since in truth it was wholly imma-terial whether the brakeman had a gun or not, or whether he was in a position to execute his threat or not, if from his acts, conduct and language it reasonably appeared to the appellee that he had the present

ability and intention of executing his threat. The appellee could act on appearances. Railway v. Neff, 28 S. W. Rep., 283, 285.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by appellee to recover damages received by him from jumping from a moving freight train when his life was threatened by an employe of appellant. It was answered by appellant that appellee was a trespasser on the train, and that if the employe, a brakeman, did threaten him, it was not within the scope of his duties or terms of employment, and appellant could not be held liable for his acts. The jury returned a verdict for $1500 for appellee.

Appellee was a trespasser upon the freight train of appellant, and was ordered by a brakeman in the employ of appellant to get off the train, which appellee said he would do if the train was stopped. To this proposition the brakeman replied, "I will be damned if I do, but I will get my Winchester and blow your damned head off." As he said that, the brakeman started toward the caboose, and appellee believing that he would put his threat into execution, sprang from the train and the wheels ran over and crushed one of his legs, the injury being such as to necessitate amputation. Appellee was a man of very weak mind, which fact was known to the brakeman when he uttered the threat. It was within the scope of the brakeman's duties to eject trespassers from the train.

The first paragraph of the charge is as follows:

"The plaintiff was a trespasser upon defendant's train at the time he received the injury complained of, and the defendant had the right to order him off such train, or to eject him therefrom, or to do both, but in doing so it was the duty of defendant to use reasonable and ordinary care under the circumstances of the case so as not to injure him." This charge is complained of as requiring a higher degree of care of appellant in ejecting a trespasser than the law imposes. We do not think there is any merit in the complaint, and it is not supported by any of the authorities cited by appellant, which have been accessible to us. While a railway company is not bound to the same degree of care in regard to trespassers upon its trains as to passengers, still it is not exempt from responsibility to such trespassers for injuries arising from its negligence or tortious acts. The degree of care required of appellant in ejecting a trespasser was such as considerations of humanity would demand, and the authorities do not place the degree of care upon a lower plane than that of reasonable and ordinary care. Railway v. Mother, 5 Texas Civ. App., 87; Railway v. Jago, 25 S. W. Rep., 712; Railway v. Stout, 94 U. S., 657; Arnold v. Railway, 115 Pa., 135; Ray, Neg. Imp. Dut. Pass., sec. 63; Hutch., Carr., sec. 553.

The second assignment of error represents that the court erred in charging on the question of appellee's weakness of mind, because there was no testimony that tended to show that the brakeman had any knowledge of such mental condition. The circumstances would tend to show

that the brakeman was cognizant of the fact that appellee's mental powers were very weak, and consequently the assignment must fail.

It was not error to refuse to give the second special instruction asked by appellant, which made its liability dependent upon a gun being in the caboose, and the ability of the brakeman to put his threat into execution at the very time appellee jumped from the train. It was the effect that the threat had upon the weak mind of appellee at the time, and not the power that the brakeman may have had to put it into execution that must be looked to in determining the liability of appellant. Appellee had been peremptorily ordered to leave the train and had asked that the train be stopped that he might do so, but this had been refused in a violent manner, coupled with a threat to take life if appellee did not get off. Did appellee believe that the threat was seriously made? He swore that he did, and that he jumped off to save his life. He was not called upon to ascertain whether a gun was on the train, nor wait until he saw the brakeman returning with it before he jumped off. The brakeman knew that the man was mentally weak, and must have known the probable effect of his words upon him. That it may have been an idle threat does not strip it of its inhumanity and cruelty. In the case of Railway v. Kirkbride, 79 Texas, 457, it was held that if the servant of the railway company, within the scope of his employment, by peremptory order and by violent and threatening language toward a trespasser, caused him to get off a car while the same was moving at such a rate of speed as to render such getting off manifestly dangerous, and the trespasser was injured thereby, the railway company would be responsible. In that case there was no assault made, but threats only, and the trespassers were not shown to have been mentally weak. The employes on the train of appellant, in the case before this court, had been teasing and worrying the half-witted creature before he got on the train, and knew of his infirmity, and it would be a travesty on justice to say that the master should not be held responsible because the threat made was an idle one. Appellee acted on it as being seriously made, as a more reasonable man might have done, for there was nothing to indicate to any one that it was not made with serious intent, either in view of what occurred at the time or from the evidence of what afterwards transpired. Appellee showed his faith in what was threatened by jumping off the train.

It was not error to refuse the third special charge requested by appellant. That the railroad company was not responsible unless the brakeman was acting within the scope of his employment, was given fully in the charge, and it was unnecessary to reiterate it. The charge asked ignored the issue as to appellee's mental condition, and was erroneous. On the subject of the authority of the brakeman, the evidence was conflicting, but the question was fairly presented to the jury and determined in favor of appellee. The burden of proving that the brakeman was acting within the scope of his authority in ordering appellee from the train, was placed upon appellee, as required by the decisions of the Su-

preme Court. Railway v. Anderson, 82 Texas, 516. The charge presented in an admirable manner every issue raised by the pleadings and evidence.

The remaining assignments of error are directed to the evidence, which, it is claimed, is not sufficient to sustain the verdict. The testimony showed that appellee was a simple-minded creature who, laboring under the illusion that the city marshal of McKinney wanted to arrest him, came to appellant's depot seeking passage out of the place. He was made the butt of jokes and ridicule by appellant's trainmen. He sought to leave on the freight train, and did take passage on one of the flat cars. After the train had got under headway and was several miles from McKinney, a brakeman, one of the same men who had been teasing him, approached him and asked him what he was doing there, and asked him if he had not been told by the questioner not to get on the train, and he was ordered to get off. Appellee asked that the train be stopped and he would get off. This request was refused, and his life was threatened. The brakeman then started towards the caboose and appellee, through fear of being shot, jumped off. The jury found that the brakeman knew appellant was an imbecile, and that he was acting within the scope of his authority. If the evidence of appellee was true, the servant of appellant was guilty of outrageous cruelty towards appellee, and acted with an utter disregard as to the safety of his life or person. Under the circumstances the verdict was a mild one, and the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR LEAVE TO FILE MOTION FOR REHEARING.

June 3, 1896.

FLY, Associate Justice.—On May 6, 1896, the opinion was rendered in this case, and on May 25, nineteen days thereafter, appellant asks permission to file a motion for rehearing.

In the application it is stated that the attorney of record for appellant received notice of the affirmance of the judgment, on May 7, the day after the opinion was delivered and judgment entered by this court, that the notice was sent immediately to the general attorneys of appellant at Houston; that the first notice appellant's attorney of record had that the general attorneys expected him to file a motion for rehearing was by a telegram from them dated May 22, which was after the expiration of 15 days from date of delivery of the opinion. In the telegram it was stated that a letter had been written by the general attorneys to the attorney of record to file a motion for rehearing. There is nothing to show that such a letter was ever written except the statement in the telegram, and nothing whatever to show that the letter was ever mailed. It was the business of appellant or its attorneys to see that a motion for a rehearing was filed in proper time, and when it is neglected and no valid excuse is given, a motion for leave to file a motion for rehearing after the

expiration of fifteen days will not be granted. There is nothing in the excuse given in the application for leave to file the motion for rehearing that appeals to the consideration of this court. The rules governing the practice in this court, as prescribed by the statute, will not be set aside on frivolous and insufficient excuses for a failure to conform to them. Kneeland v. Mills (Texas Civ. App.), 25 S. W. Rep., 486.

The motion for leave to file motion for rehearing is overruled.

*Overruled.*