GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY
v. GEORGE C. LESTER.

Decided November 28, 1900.

**Railway Company—Wrongful Ejectment of Trespasser from Train—Liability.**

A railway company is liable for the wrongful act of its brakeman, done in excess of his authority, in ejecting a trespasser from the train in such manner as to willfully or causelessly injure him.

APPEAL from Bexar. Tried below before Hon. J. L. CAMP.

*Upson, Newton & Ward,* for appellant.

*Clark, Ball & Fuller,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellee against appellant to recover damages alleged to have been sustained by being forcibly ejected from one of the latter's passenger trains and thrown upon the ground, thereby dislocating his shoulder and causing

other severe injuries. The appellant plead a general denial, and specially, that if appellee was ejected, he was not at the time a passenger upon its train, and that the person ejecting him had no authority to do so; that appellee was under the influence of liquor, attempting to ride without the payment of fare, and was ejected from the train in a reasonably careful and proper manner.

The evidence warrants these conclusions of fact: That on the 16th day of March, 1899, the appellee, while seated on the rear platform of a sleeping coach, the hindmost car of one of appellant's trains, which was in rapid motion, was willfully, by one of appellant's brakemen who had authority to eject trespassers from the train, forcibly and violently pushed and thrown therefrom upon the ground, whereby he sustained the personal injuries alleged. While the appellee testified that he boarded the train with sufficient money and with the intention of paying his fare, there was evidence to show that he was a trespasser on the train, with the intention of deadbeating his way without paying his passage, and was regarded and treated by appellant's brakeman as a tramp and deadbeat when he pushed him off.

*Conclusions of Law.*—What we shall say in these conclusions will be from the assumption that the appellee was when ejected therefrom a trespasser upon appellant's train. While a carrier owes a trespasser no positive duty or care, it is obliged not to injure him willfully, wantonly, and maliciously. Railway v. Kilpatrick (Ark.), 54 S. W. Rep., 974, and authorities cited; Railway v. Black, 57 S. W. Rep., 332; 3 Elliott on Railroads, sec. 1255. If, as was shown by the evidence, the brakeman was authorized to eject trespassers from appellant's train, the company is responsible for his wrongful act done in excess of his authority in ejecting appellee in such a manner as to willfully or causelessly injure him. Railway v. Black, supra; Railway v. Washington, 30 S. W. Rep., 719; Railway v. Kilpatrick, supra. Considerations of humanity imperatively demand that the railways of the country should so conduct, or cause to be conducted, their business as not to unnecessarily and causelessly injure even a trespasser. Railway v. Grigsby, 35 S. W. Rep., 815; Railway v. Bellew, 54 S. W. Rep., 1079; Claiborne v. Railway, 57 S. W. Rep., 336; Railway v. Black, supra. In the case last cited it is said: "Whatever be the degree or fault in the trespasser, considerations of humanity and of public policy require that public railway and transportation companies shall exact of their employes at least ordinary care in the discharge of their duties to avoid unnecessary injury; and that a failure to exercise such care under such circumstances, whereby injury results, renders the principal liable."

We have carefully examined and considered all the questions raised by appellant's assignments of error, and have found no error which, in our opinion, would justify us in reversing the judgment. It is therefore affirmed.

*Affirmed.*

Writ of error refused.