**KNODEL et al. v. EQUITABLE LIFE INS. CO. et al. (No. 145–3087.)**

(Commission of Appeals of Texas, Section A. May 26, 1920.)

1. Appeal and error &=1082(2)—Motion for rehearing in Court of Civil Appeals essential to jurisdiction of Supreme Court.

Under Supreme Court Rules, No. 1, § c (159 S. W. viii), it is essential to the juris-

diction of the Supreme Court to review a case on error to the Court of Civil Appeals, for the application for writ of error to show that a motion for rehearing was filed in the Court of Civil Appeals presenting the points on which the writ is asked.

2. Appeal and error &=833(3)—Court of Civil Appeals cannot be held in error for refusing permission to file motion for rehearing nunc pro tunc.

In absence of showing that failure to file motion for rehearing in Court of Civil Appeals resulted from accident or some cause beyond control of plaintiffs in error in the Supreme Court, Supreme Court is not warranted in concluding Court of Civil Appeals, cognizant of all of the facts, erred in refusing permission to file motion for rehearing nunc pro tunc as of time when it should have been filed.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by Hermine Knodel and others against the Equitable Life Insurance Company and others. From judgment for defendants, plaintiffs appealed to the Court of Civil Appeals, which affirmed (193 S. W. 1138), and plaintiffs bring error. Application for writ dismissed for want of jurisdiction on recommendation of the Commission of Appeals.

E. E. Fischer and Debrell & Mosheim, both of Seguin, for plaintiffs in error.

Templeton, Brooks, Napier & Ogden and Jas. A. Harley, all of San Antonio, for defendants in error.

TAYLOR, J. This suit was by plaintiffs in error to recover on two life insurance policies issued on the life of Herman Knodel by the Equitable Life Insurance Company, the obligations under the policies being subsequently assumed by one of the defendants in error, Great Southern Life Insurance Company. Judgment was rendered by the district court denying recovery on the ground that the policies lapsed on account of failure to pay the premiums. The Court of Civil Appeals affirmed the judgment. 193 S. W. 1138.

Under the law providing the time in which motions for rehearing may be filed in the Court of Civil Appeals, the time for filing such motion in this case expired on April 19, 1917. The motion which appellant (plaintiffs in error) sought to have filed reached the court by mail on the morning of April 20th. Upon the refusal of the clerk to file it, appellants filed a motion, with affidavit attached thereto, asking leave to file the motion nunc pro tunc, which was overruled.

The Committee of Judges in granting the writ expressed the view that they were inclined to think the Court of Civil Appeals erred in refusing to allow plaintiffs in error to file the motion for rehearing, citing Sams v. Creager, 85 Tex. 497, 22 S. W. 399; Vin-

son v. W. T. Carter & Bro., 106 Tex. 273, 166 S. W. 363.

[1] It is essential to the jurisdiction of the Supreme Court to review a case of this character, for the application for writ of error to show that a motion for rehearing was filed in the Court of Civil Appeals presenting the points on which the writ is asked. Rule 1, Sup. Ct. Rules, § c. (159 S. W. viii). It appears from the application in this case that such motion was not filed; and, unless the Court of Civil Appeal's refusal to permit the motion to be filed was error, the application should be dismissed.

The motion with the attached affidavit was not included in the record when sent up from the court below, and is not among the papers in the case. Upon suggestion of the Supreme Court, the clerk sought to bring up the motion; but the clerk of the Court of Civil Appeals advised that he was unable to locate it.

The petition for the writ, however, contains the following statement of the grounds set up in motion and affidavit:

"That the United States mail clerk instead of placing said letter which contained said motion, in the United States post office, at San Antonio, took the same out of the United States mail box at the Southern Pacific Depot where the same had been placed by plaintiffs in error's agent, on the evening of April 19, 1917, at about 7:15 o'clock, and mailed same on the train on the Southern Pacific going east at about 11:30 p. m., and it again reached San Antonio, Tex., on the morning of April 20th by the Southern Pacific train reaching San Antonio about 7 o'clock April 20, 1917, and was then delivered to the clerk of the Court of Civil Appeals, which will more fully appear in said motion and affidavit by Ernest Williams attached thereto, which said motion is among the records of the clerk of Court of Civil Appeals at San Antonio."

It does not appear from the forgoing statement that the mail clerk, before mailing on the train the letter containing the motion received it at such time on April 19th that it could have been delivered by him at the post office in time for it to have been delivered thereafter in due course on that date at the office of the Court of Civil Appeals.

[2] In the absence of a showing that a failure to file the motion resulted from accident, or some cause beyond the control of plaintiffs in error, we do not feel warranted in concluding that the Court of Civil Appeals, cognizant of all the facts, erred in refusing permission to file.

The case of Sams v. Creager, supra, holds that the reasons shown in the affidavit accompanying the motion for rehearing, as to why the motion in that case was not filed within the time prescribed by law, furnished no excuse for such failure within the rule stated, and dismissed the application for the writ. In Vinson v. W. T. Carter & Bro., supra, the Court of Civil Appeals overruled a motion for leave to file the motion for rehearing, and subsequently overruled a second motion of the same nature. The Supreme Court dismissed the petition for writ of error for the reason that it was filed in the Court of Civil Appeals more than 30 days after the overruling of the first motion for leave to file the motion for rehearing.

Nothing is suggested in either the Creager or Vinson Case to indicate that the Court of Civil Appeals was in error in this case.

We recommend that the application for the writ be dismissed for want of jurisdiction.

PHILLIPS, C. J. We approve the judgment recommended in this case.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes