## ALLEY v. BESSEMER GAS ENGINE CO.
### (No. 1749.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 9, 1921. On Motion to File Motion for Rehearing After Time, March 16, 1921.)

1. **Set-off and counterclaim ⬤⟾35(1), 59—Defendant may set up unliquidated demand connected with contract sued on and obtain judgment for excess.**

Under Rev. St. arts. 1325–1330, the defendant may set up an unliquidated demand, if it is connected with or grows out of a contract on which the plaintiff declares, and not only defeat the claim sued on, but may obtain judgment for an excess over that claimed by plaintiff.

2. **Set-off and counterclaim ⬤⟾6—Distinction between "recoupment" and "set-off" stated.**

"Recoupment" is the right to set off unliquidated damages, while the right of "set-off," as distinguished from recoupment, comprehends only liquidated damages, or those capable of being ascertained by calculation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Recoupment; Set-Off.]

**3. Limitation of actions ⊙⟹41—Buyer, sued for price of engine, could not set up claim for personal injuries caused by the engine more than two years before action.**

In action by seller of gas engine for balance of purchase price, buyer could not, in answer, set up claim for damages for personal injury sustained as the result of a defect in the engine more than two years before the commencement of the action, such claim being barred by limitations, even though set up in answer, since such claim does not go to the validity of plaintiff's demand in its inception, or show its performance, but is based on a cause of action separate from the cause of action stated by plaintiff.

**4. Judgment ⊙⟹622(1)—Dismissal of personal injury action held conclusive as to set-off in subsequent action.**

Judgment dismissing suit for injuries sustained by reason of defect in gasoline engine, on the ground that it was barred by limitations, *held* to preclude plaintiff from setting up claim for such damages in defendant's subsequent action for balance of purchase price of gasoline engine.

*On Motion to File Motion for Rehearing After Time.*

**5. Appeal and error ⊙⟹833(3)—Rehearing not permitted to be filed after expiration of period without sufficient excuse.**

Appellant will not be permitted to file motion for rehearing after expiration of time provided for filing of motion, on the ground that delay in preparation of motion was caused by sickness in family of one of appellant's attorneys, where such sickness was not shown to have kept the attorney from his business, and where there was no showing why other attorneys for appellant, who had been given notice of court's opinion, could not have prepared and filed the motion.

Appeal from District Court, Hale County; R. C. Joiner, Judge.

Suit by the Bessemer Gas Engine Company against Robert F. Alley. Judgment for plaintiff, and defendant appeals. Affirmed.

Y. W. Holmes, of Comanche, for appellant. Cockrell, Gray, McBride & O'Donnell, of Dallas, for appellee.

HUFF, C. J. The Bessemer Gas Engine Company sued Alley to recover the purchase price of a gas engine, purchased by Alley from the company, for the sum of $1,357, with interest, and to foreclose lien on the engine and certain machinery. The contract upon which the suit is based was a written contract and fully set out in the plaintiff's petition. Alley, as defendant below, admitted the truth of plaintiff's cause of action, except in so far as the same should be defeated by matters thereafter pleaded. He pleaded the four-year statute of limitation, and specially also that he had purchased the engine from the company and under the agreement the

company was to install the engine and to furnish a skilled man for that purpose; that they did undertake to install the engine, and sent a man for that purpose, but that in erecting it he left off certain attachments to a small tank for compressed air, and that by reason of the defect, and the negligent manner in which it was left by the employee of the company, the tank exploded, and inflicted upon appellant serious personal injuries, which were permanent in their character, describing them. He prayed for damages in the sum of $2,500 occasioned by the impairment of appellant's ability to earn money and physical and mental pain and suffering. Appellee company filed a supplemental petition, excepting to the answer of the appellant, on the ground that it is barred by the two-year statute of limitation. He also pleaded the two-year statute of limitation to the cause of action set up, and in addition thereto pleaded res adjudicata. The case was tried before the judge without a jury, and the court filed conclusions of fact and law, which will sufficiently state the issues before that court, and the nature of the defense, and appellee's reply thereto. The conclusions are as follows:

### Findings of Fact.

"(1) I find: that on January 18, 1912, the defendant Robert F. Alley, executed a written contract with the plaintiff, by the terms of which defendant purchased from plaintiff one 50 brake horse power Bessemer oil engine for the price of $1,357, f. o. b. Grove City, Pa., one-half of said amount to be paid when the engine was working satisfactorily, and one-half to be evidenced by one note, due six months from the date of installation, bearing 8 per cent. interest, the cash payment to be made and the note to be executed 30 days after the date of installation. That under said agreement the following equipment was to be shipped with said engine, to wit: One 2 H. P. engine for driving air compressors; one air compressor; one air tank, with valves for connecting air tank to engine; one rotary pump and belt for circulating water through engine jacket. That in said written contract, and by its terms, a chattel mortgage lien was reserved by the plaintiff and given by the defendant on the machinery so purchased, as security for the payment of the purchase price, which said mortgage was filed in the office of the county clerk of Hale county on the 5th day of February, 1912.

"(2) That said engine and machinery so contracted for were shipped by plaintiff to the defendant in July, 1912. That installation thereof was completed on the 1st day of August, 1912.

"(3) I find that the defendant has never paid any portion of the purchase price for said machinery and equipment, and that the principal, together with the interest, at 8 per cent. per annum on one-half of the purchase price from September 1, 1912, and with interest on one-half of the purchase price at 6 per cent. per annum from September 1, 1912, to date of the

(228 S.W.)

judgment herein, amounts to the sum of $2,-116.92.

"(4) I find that in July, 1912, plaintiff in accordance with said contract of purchase and sale, sent one of its agents to Hale county, Tex., to superintend the installation of the engine purchased. That on July 28, 1912, the installation of said engine had progressed to the extent that it was then being tried out and tested, and on said date plaintiff's agent left said engine in charge of defendant, while he, plaintiff's agent, went elsewhere on business. That at that time' said engine had not been turned over to defendant nor accepted by him. That part of the equipment for said engine consisted of a large iron or steel compressed air tank, of the resisting capacity of 700 pounds, and also of a small sheet iron compressed air tank of the resisting capacity of 75 pounds, the two being connected together with a small tube, with an opening and closing valve between them, which valve was operated by means of a small wheel. That the wheel had gotten out of fix and had come off, and the same was being opened and closed by means of a pair of pliers, used by plaintiff's said agent, and the stem on which the pliers were used had become rounded. That the small tank contained gasoline, being partly filled, and in order to start the engine it was necessary to light a jet, then to let the compressed air into the small tank, which sprayed the gasoline, turning the jet into a hot blast. That there was also a safety valve, which belonged on the top of the small tank, so that, if too much compressed air was let into it, the air would blow off, and not explode the tank; but the plaintiff's said agent had negligently failed and neglected to put said valve in place, and the defendant herein did not know that said valve belonged on top of said tank. That prior to said date of July 28, 1912, the defendant, Robert F. Alley, had asked plaintiff's said agent if there was not danger in too much air getting in and exploding the tank, and the said Alley was assured by plaintiff's agent that there was no such danger. There was no other way to start the engine without so turning the compressed air through the large tank into the smaller by means of said pliers. That on the said 28th day of July, 1912, after plaintiff's agent had left, the defendant, Robert F. Alley, undertook to start said engine, and in so doing he lighted said jet, turned on the air with said pliers, and in attempting to turn it off the pliers slipped, and too much air blew into the small tank, and, because there was no safety valve on said tank, the same exploded. As a result thereof the gasoline was blown over the said Robert F. Alley, defendant herein, and it caught fire from the jet, and the said Robert F. Alley was severely burned and injured, as a result of which he was confined to his bed for 5 weeks, and kept from his business 10 or 12 weeks, and it was 6 months thereafter before he was able to give full attention to his business affairs. That his hands and face were severely and permanently scarred from the burns.

"(5) I find that the injuries so sustained by the said Robert F. Alley on July 28, 1912, were directly and proximately caused by the negligence and want of ordinary care on the part of plaintiff and its agent, in permitting said machinery to become and be out of repair, and in failing to place the safety valve on the small tank.

"I find that the damages so sustained by the defendant, Robert F. Alley, were equal to or in excess of the sum of $2,116.92, being the amount of plaintiff's demand herein.

"(7) I find: That on October 8, 1914, Robert F. Alley, the defendant herein, instituted suit, in the district court. of Hale county, Tex., whereby he sought to recover of and from the plaintiff herein damages in the sum of $26,-842.50, on account of the injuries so sustained by him on said 28th day of July, 1912, which said cause was in due course removed from the district court of Hale county, Tex., to the District Court of the United States for the Northern District of Texas. That on June 3, 1918, the said court entered judgment in said cause as follows: 'The court, having heard and considered the exceptions and pleas of defendant, Bessemer Gas Engine Company, to the effect that plaintiff's suit is barred by the statute of two years' limitation, and having heard the testimony for and against said pleas, and the argument of counsel for the plaintiff and defendant thereon, finds that the defendant, Bessemer Gas Engine Company, is, and was at the filing of this suit, a foreign corporation, incorporated under the laws of the state of Pennsylvania, and has never been a citizen or resident of the state of Texas, and further find that said defendant has had continuously since the filing of this suit representatives in the state of Texas, such as the representative upon whom service of process herein was had. The court is therefore of the opinion, and so finds, that plaintiff's suit is, and was when filed, barred by the statute of two years' limitation, and that said exceptions and pleas should be sustained. It is therefore ordered, adjudged, and decreed that said exceptions and pleas, be and the same are hereby in all respects sustained, and that the plaintiff, Robert F. Alley, take nothing herein as against said defendant, Bessemer Gas Engine Company, and that said defendant go hence without day, and recover of plaintiff, and of John J. Roberts, Jr., and Nick Alley, the sureties on his cost bond, all costs of this suit, for which 'let execution issue. To which ruling the plaintiff, Robert F. Alley, now in open court excepts, and 30 days from and after adjournment of the present term of this court is allowed the plaintiff in which to prepare and have filed his bill of exceptions.'

"That the said Robert F. Alley, plaintiff in said cause, sought a writ of error therein, and on the 19th day of November, 1919, the United States Circuit Court of Appeals for the Fifth Circuit, affirmed said judgment of the District Court of the United States for the Northern District of Texas (262 Fed. 94), and entered therein the following judgment and order: 'United States Circuit Court of Appeals for The Fifth Circuit. No. 3326. Robert F. Alley, Plaintiff in Error, v. Bessemer Gas Engine Company, Defendant in Error. This cause came on to be heard on the transcript of the record from the District Court of the United States for the Northern District of Texas, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by the court that the judgment of said District Court in this cause be and the same is hereby

affirmed. It is further ordered and adjudged that the plaintiff in error, Robert F. Alley, and the sureties on the writ of error bond herein, Nick Alley and Claud Gentry, be condemned in solido to pay the costs of this cause in this court, for which execution may be issued out of the said District Court.'

"(8) I find: That this suit was filed more than 4 years after the defendant's injuries were sustained, and the original answer of the defendant herein, Robert F. Alley, was filed hereon on January 19, 1917, more than 5 years and 5 months after plaintiff's said injuries were sustained, and during which period the said Robert F. Alley was of legal age and not under any legal disability. That the cause of action pleaded by defendant Robert F. Alley, by way of recoupment and in defense of plaintiff's cause of action herein, is identical with the cause of action asserted by the said Robert F. Alley in the cause in which the aforesaid judgment was rendered by the United States District Court for the Northern District of Texas, and affirmed by the said United States Circuit Court."

"Conclusions of Law.

"Upon the foregoing facts, I conclude as a matter of law that plaintiff is entitled to recover of and from the defendant the sum of $2,116.92, with interest at the legal rate from this date, together with foreclosure of its chattel mortgage lien on the engine, machinery, and equipment purchased by the defendant from plaintiff, and that, as defendant's cause of action was barred by the two-year statute of limitation prior to the filing of plaintiff's petition herein, and as the matters, claims, and cause of action set forth in said answer were fully and finally adjudicated and determined by the judgment of the United States District Court for the Northern District of Texas, the defendant herein cannot assert the same herein, either by way of cross-action, set-off, recoupment, or as a defense to plaintiff's cause of action herein, and judgment is entered accordingly.            R. C. Joiner, Judge."

By assignments, the appellant advances the propositions: (1) That the court erred in holding the claim barred by the statute of limitation, as the damages sued for grew out of the same transaction and were sued for by way of a recoupment, because such defense survives as long as plaintiff's cause of action exists; (2) that it was error to hold the judgment of the federal court res judicata, because the defense survived as long as plaintiff's cause of action existed, and whether it would be barred or adjudged to have been barred in an affirmative suit for damages is immaterial, where it is set up only as a defense by way of recoupment.

[1-3] We believe the trial court correctly held the claim set up in the answer barred, both by the statute of limitation and by the former adjudication. It is not our purpose to enter into an examination of the common-law definition of recoupment, or when it is available, or to examine the modern tendency of enlarging its scope. We may say, however, as we understand the defense as originally applied, it could only be used as a defense to defeat plaintiff's cause of action, with no right to recover a judgment over the claim sued for by plaintiff. Under our statutes, if we correctly understand them, the defendant may set up an unliquidated demand, if it is connected with or grows out of the contract upon which the plaintiff declares, and not only defeat the claim sued on, but may obtain judgment for an excess over that claimed by plaintiff. Articles 1325–1330, R. C. S. To that extent at least the common-law defense is enlarged by our statutes. The plea in this case conforms to our plea of reconvention for damages. Scalf v. Tompkins, 61 Tex. 476.

"Recoupment is the right to set off unliquidated damages, while the right of set-off, as distinguished from recoupment, comprehends only liquidated damages, or those capable of being ascertained by calculation. Parker v. Hartt, 32 N. J. Eq. 225. Both these terms have a technical meaning and both are included in the same general term 'counterclaim.'" Bouvier's Law Dictionary, vol. 3 (Rawle's 3d Rev.) p. 2847.

It will be seen our statutes, under the term "counterclaim," permit the defendant to plead liquidated and unliquidated demands, subject to such limitations as may be prescribed by law. If such defense is presented by defendant, as required by the statute, the defendant as to such counterclaim becomes the actor. The Supreme Court of the United States held:

"By setting up its counterclaim the defendant became a plaintiff, in its turn invoked the jurisdiction of the court in the same action, and, by invoking, submitted to it. It is true that the counterclaim seems to have arisen wholly out of the same transaction that plaintiff sued upon, and so to have been in recoupment rather than set-off proper. But, even at common law, since the doctrine has been developed, a demand in recoupment is recognized as a cross-demand, as distinguished from a defense."

After stating that a party is not concluded by the judgment, if he does not plead his cross-demand, from bringing another suit therefor, and whether he shall do so or not is left wholly to his choice, the court then proceeds:

"This single fact shows that the defendant, if he elects to sue upon his claim in the action against him, assumes the position of an actor and must take the consequences. The right to do so is of modern growth and is merely a convenience that saves bringing of another suit, not a necessity of the defense." Merchants' Heat & Light Co. v. Clow & Son, 204 U. S. 286, 27 Sup. Ct. 285, 51 L. Ed. 488; Virginia-Carolina Chemical Co. v. Kirven, 215 U. S. 252, 30 Sup. Ct. 78, 54 L. Ed. 179.

As suggested in the latter case, there are some defenses which are negatived by the

judgment for which a separate suit could not be maintained. These are such as go to the validity of the plaintiff's demand in its inception, or show its performance, as forgery, want of consideration, or payment. The claims of the plaintiff and the defendant in this action were upon different causes of action—one being upon a debt evidenced by the written contract; the other for unliquidated damages, arising from personal injury, alleged to have been occasioned by the negligent act of plaintiff in erecting the engine. There being no definite sum specified in the contract for defendant's cause of action, it became necessary to ascertain the rights of the parties upon such failure or negligent act. It cannot, therefore, be said that the injury was a payment of the contract or a failure of consideration therefor. Against the cause set up by the plea in reconvention, limitation will run up to the time of the filing of the plea, and the trial court, we think, correctly so held. Binder v. Millikin, 201 S. W. 239; Nelson v. San Antonio Traction Co., 107 Tex. 180, 175 S. W. 434; Ft. Smith v. Fairbanks, 101 Tex. 24, 102 S. W. 908; Cameron v. Williams, 203 S. W. 928; Nelson v. Railway Co., 214 S. W. 366; Walker v. Fearhake, 22 Tex. Civ. App. 61, 52 S. W. 629.

[4] We think, also, when the appellant elected to sue on the cause of action in another suit in a different tribunal, the judgment in this court is res judicata. The appellant, having elected to so prosecute his demand, cannot again pursue the same cause under a different form of procedure; neither could he carve out of his cause an amount sufficient to satisfy the plaintiff's demand and urge it as a defense in the plaintiff's suit, and for the amount in excess of plaintiff's demand sue in an independent cause. He is entitled to but one satisfaction on the same cause of action. The judgment on that cause, whether it was in a suit for the whole or a part, settled the issues thereon. To permit appellant to pursue both remedies would be to defeat the very purpose of the statutes—that is, to prevent a multiplicity of suits.

The judgment will be affirmed.

### On Motion to File Motion for Rehearing After Time.

[5] The appellant, by motion, requests that we permit him to file his motion for rehearing. His motion therefor reached this court one day after time allowed by statute. Notice of the affirmance was mailed by the clerk of this court to the attorneys of appellant on the day the opinion was handed down. Y. W. Holmes, one of his attorneys, resides at Comanche, Tex., and the notice reached him February 11th. On that day he wrote for a copy of the opinion and transcript, and received the copy by mail February 16th, and the transcript by express February 17th. He states that immediately he began to prepare the motion for rehearing, and continued thereon diligently, except as interrupted by the business of his office and some delay caused by sickness in his family, but this is not shown to have been such as to keep him from his business. He sent the motion by express to the clerk of this court February 23d, and if connections had been made and the express transferred the motion could have arrived at this court February 24th, the last day for filing, but it did not arrive until the day after. Mr. Holmes shows he was in possession of the opinion eight days before he sought to express the motion. There were only two assignments presented in the brief, and only those two were considered in the opinion. The briefs of both parties give fully the essentials of the pleadings and the evidence, and the trial court filed findings of fact, which were adopted by this court and copied in the opinion. The record of the case shows that Messrs. Kimbrough, Underwood & Jackson were associated with Mr. Holmes in the case, both in the trial court and in this court; their names are signed to the pleadings and briefs; their residence is Amarillo, where this court holds its sessions. Notice was mailed to them, as well as to Mr. Holmes. The motion to file for rehearing presents no excuse or explanation why the firm of lawyers at Amarillo did not prepare the motion, or could not have done so. The assignments presenting the error of this court complained of must necessarily have required but a short motion within itself. If the citation of additional authorities and an argument were deemed necessary to elucidate and remove the erroneous view of the court, it was not necessarily required to be filed with the motion, or as part of it, but could have been filed before submission of the motion.

We do not think it is shown that 8 days was necessary or required to prepare and file the motion for rehearing. The motion was not sent by express until the last moment. It would seem the postal service would have been the more expeditious carrier, instead of risking the connections and transfer of express at Brownwood. We see no reason for the delay in the preparation of the motion until the arrival of the transcript by express, and none is shown. If Mr. Holmes was the only attorney in the case, we do not believe that it is shown that the delay was occasioned by such circumstances as would be deemed good cause; but he had associated with him an able firm of lawyers in the city where this court is located, and who were notified, and no reason or excuse is offered why these attorneys could not file the motion in time. It was the business of the attorneys for appellant to see that a motion for rehearing was filed in time, and when there is neglect, or no valid excuse is given, the motion for leave to file after the expiration of 15 days, as prescribed by statute, will be denied. Article 1641, R. C. S.; Kneeland v. Miles, 25

S. W. 486; Railway Co. v. Grigsby, 13 Tex. Civ. App. 639, 35 S. W. 815, 36 S. W. 496; Sams v. Creager, 85 Tex. 497, 22 S. W. 399; Myers v. Frey, 102 Tex. 527, 119 S. W. 1142. We do not think Mr. Holmes has shown good cause sufficient to authorize the filing of a motion for rehearing and especially is his motion wanting in failing to show that his associate counsel could not have done so. The appellee in this case is objecting to the filing of the motion for rehearing, and, as the statute gives it the legal right to demand that the motion be filed in time, unless a valid excuse is presented, we do not feel authorized to deprive it of that right.

We believe the motion should be denied, and it will therefore be overruled.