Las Monjas Racing Corporation, Petitioner and Appellee, v. Insular Racing Commission of Puerto Rico, et al., Respondents and Appellants.

No. 7640.  Argued November 29, 1937.—Decided December 23, 1937.

*Diego O. Marrero* for appellants.  *L. Feliú* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

A motion has been made to dismiss this appeal as not having been taken within the statutory period.

■■ This is a mandamus proceeding in which judgment was entered on August 26, 1937.  The judgment was notified

to the parties on September 7, following, the notice being filed of record on the same day. On the 27th of the same month of September, the losing party filed a motion for reconsideration, which the court overruled flatly on November 1, 1937, the parties being notified on the day following and the notice filed of record on the same day. On November 5 the losing party took the present appeal.

Dismissal is asked upon the basis of these facts, and in view of the provisions of Section 292 of the Code of Civil Procedure, as amended by Act No. 67, approved May 8, 1937, which was in force when the events occurred.

As amended, this Section provides:

"Section 292.—A judgment or order in a civil action, except when expressly made definite and final, may be reviewed as prescribed in this Code, and not otherwise.

"Any party aggrieved by a judgment or resolution of a district court in a civil action may, within the unextendible term of fifteen (15) days from the date of the filing in the case of a copy of the notification of the judgment, or within the unextendible term of five (5) days from the date of the filing in the case of a copy of the notification that judgment has been rendered, file in the court where the judgment or resolution was rendered, an ex-parte petition for the review or reconsideration of its judgment or resolution, stating therein the facts and the fundamentals of law on which the application is based. The court shall decide the motion for reconsideration within five (5) days after it is filed, and if the court rejects the petition outright, the term for appealing from the judgment or resolution whose review is applied for shall be computed in the manner provided in this Code, as if no petition for review or reconsideration had been presented. If the court decides to reconsider its judgment or resolution, or to hear the parties on the motion for reconsideration, the term for appealing shall be computed from the date of the filing, as part of the record of the case, of a copy of the notification made by the secretary of the court to the party against whom the final decision of the court was rendered." (Laws of 1937, p. 191.)

In accordance with this statute, then, when the motion for reconsideration was filed, the unextendible term therein

granted for that purpose had already expired. The motion could not have been presented, and if it could not have been, much less could it have had the effect of interrupting the term of one month fixed in Section 295 of the same Code of Civil Procedure for taking the appeal. The principles laid down by this Court prior to the approval of the amendment to Section 292 of the Code of Civil Procedure—*Grand District Lodge* v. *Victor Rojas Lodge, Inc.*, 48 P.R.R. 894; *Rodríguez* v. *Torres,* 48 P.R.R. 896, and others—were affected by the amendment, which is now the law governing the subject.

██ The fact that the judge did not decide the motion within the period of 5 days also fixed in the statute, is of no importance in this case, since the motion was filed without statutory authority. Up to what point the amendment may prevent a court from reconsidering a judgment within the term in which it was entered, either on petition of an interested party after the expiration of the 15 days or *motu proprio,* is not a question which need necessarily be decided in this case, since here the court did not reconsider or even hear the parties on the motion for reconsideration. All that the court did was flatly to overrule the motion.

██ It is likewise of no importance that "the failure to file the motion for reconsideration within 15 days after the judgment was notified" was due "to the firm belief of the attorney" for the appellants "that the former rule of procedure which he had been following for many years was still in force." The amendment became effective 90 days after its approval, and was, as we have said, in full force when the motion for reconsideration was filed, and it is axiomatic that "ignorance of the law does not excuse from compliance therewith." Sec. 2, Civil Code (1930 ed.).

██ In support of his contention, appellant cites the case of *Vinson et al.* v. *W. T. Carter & Bros.,* 166 S. W. 363. This was a case in the Supreme Court of Texas. The opinion is meaty and brief. It states:

"It is shown by the petition for writ of error that no motion for rehearing was filed in the Court of Civil Appeals within the time prescribed by the statute. It is stated that the failure to file such motion within the proper time was due to an undue and unanticipated delay in its transmission by express. A motion for leave to file the motion for rehearing as of time was overruled by the court on January 8, 1914. A second motion of the same nature was thereupon filed, and overruled on January 22, 1914. The petition for writ of error was filed in the Court of Civil Appeals more than 30 days after the overruling of the first motion for leave to file the motion for rehearing, but within 30 days from the overruling of the second motion.

"We would not refuse to consider the petition for writ of error, notwithstanding the Court of Civil Appeals had not acted directly upon the motion for rehearing, if we had jurisdiction and were of the opinion that it was sufficiently shown that the failure to duly file the motion for rehearing was due to accident or some cause other than neglect of the applicant. *Sams* v. *Creaker*, 85 Tex. 497, 22 S. W. 399. It is apparent, however, that we are without jurisdiction. It is essential to the jurisdiction of this court to grant a writ of error that the petition for the writ be filed in the Court of Civil Appeals within 30 days from the overruling of the motion for rehearing. *Schleicher* v. *Runge*, 90 Tex. 456, 39 S. W. 279. Where under such circumstances as are shown here the Court of Civil Appeal declines to consider the motion for rehearing, its action in overruling a motion for leave to file it necessarily fixes the time from which the period prescribed for the filing of the petition shall be reckoned, as in such case the overruling of the motion for leave to file amounts to overruling the motion for rehearing. A different rule would permit an extension of the time fixed by the statute for the filing of the petition for writ of error simply through the filing of successive motions of the same character.

"Petition dismissed for want of jurisdiction."

The only point that might be in appellant's favor is that it does not appear that the trial court failed to consider the motion as not having been filed in time, but limited itself to overruling it, which involves a consideration of the motion in order to determine whether it is without merit. The amendment, however,—which is the law—is so drafted that when a motion for reconsideration is merely overruled, it

does not suspend the time to appeal. In order that it may so suspend the time, the court must have decided to reconsider its judgment or resolution, or to hear the parties on the motion. That was not this case. When the court does not decide a motion within the 5 days, what the party ought to do is to appeal within the statutory period notwithstanding the pendency of the motion for reconsideration, so that he may not lose his right.

This is a case involving a written statute, and since the conduct of the party cannot be excused on the sole ground of ignorance of the law, we find ourselves obliged to hold that this Court is without jurisdiction for the reason that the appeal was taken out of time. Appellee's motion must therefore be granted, and the appeal dismissed.

Mr. Justice Córdova Dávila took no part in the decision of this case.