## CANTRELL v. WOODS.
### No. 2318.

Court of Civil Appeals of Texas. Waco.
March 27, 1941.

Motion for Leave to File Petition for
Rehearing Denied May 1, 1941.

Barnie Cantrell and W. M. Pierson, both of Dallas, for appellant.

A. D. Emerson, of Waxahachie, for appellee.

TIREY, Justice.

This is a suit in trespass to try title, brought by W. L. Woods, Jack Woods and Willie Mae Lynch and her husband, to recover title to and possession of a certain tract of land in Ellis county, being approximately 21 acres and being in two tracts, one of 14 acres and the other of 7 acres, separated by a road, located just outside the corporate limits of the city of Waxahachie. Defendant Barnie Cantrell answered in due order of pleading, and, in addition thereto, filed cross-action against the plaintiffs and set up substantially that the property in question was owned jointly by the plaintiff W. L. Woods and defendant; that the defendant was the owner of an equal undivided one-half interest therein, and that Jack Woods and Willie Mae Lynch and her husband had no title thereto or interest therein; and he asked for partition of the property; and that in the event the court determined said property was not susceptible of partition that the same be sold and the proceeds thereof partitioned equally between plaintiff W. L. Woods and this defendant. The case was tried to the court without the intervention of a jury, and upon the trial the court granted plaintiffs' motion to dismiss as to Jack Woods and Willie Mae Lynch and her husband, which order was duly entered, and this order is not assailed. The trial court awarded to the plaintiff, W. L. Woods, title to and possession of the property in question against the defendant, Barnie Cantrell. The trial court further found that defendant, Barnie Cantrell, was not entitled to recover on his cross-action and plea of reconvention against plaintiffs, and he has appealed.

At the request of the plaintiff, the court filed findings of fact and conclusions of law. The findings of fact are substantially as follows: (1) that plaintiff, W. L. Woods, in the year 1900, intermarried with Eloise Johnson, and, while living together as husband and wife, accumulated the tract of land in question and also another tract of land inside the city limits of Waxahachie, which they used and occupied as a home; (2) that in 1920, W. L. Woods and his wife orally agreed to permanently separate and live apart from each other and orally agreed to partition and divide their community property; that the husband was to have for his part of their community property the 21 acres of farm and pasture land in question, and that the wife was to have for her share the home place in town and all of the furniture; that the agreement was consummated and was not annulled; that the husband and wife each went into possession of the respective tracts partitioned to them; that the property received by the wife in partition was more valuable than that received by the husband; that within a short time after the partition, the wife, joined by her husband, W. L. Woods, sold the real estate so received by her in partition for the sum of $2,500; that she received the whole of the purchase money, and all of the furniture, worth $1,000, and

moved to Sherman and thence to Dallas, where she lived until the time of her death in October, 1938; that W. L. Woods and his wife, Eloise Woods, contemplated divorce but that a divorce was never granted; that in March, 1930, Eloise Woods intermarried with Barnie Cantrell, the defendant herein, said marriage having been consummated by virtue of a marriage license issued to him and Miss Eloise Gilbert; that said Cantrell thought that Mrs. Woods was then a single widow by the name of Gilbert and remained under such impression until after the death of his wife; (3) that Mrs. Eloise Woods (Cantrell) died testate and bequeathed all of her property to the defendant Barnie Cantrell, and said will was duly admitted to probate.

The trial court concluded as a matter of law substantially (1) that the parol partition of real estate is not within the purview of the statute of frauds; (2) that the parol agreement made and entered into by and between W. L. Woods and wife, Eloise Woods, in 1920, dividing and partitioning their community property, was a valid and enforceable contract; and (3) that the partition, as made, was an equitable one and that it appealed to the conscience of the court; and that since said parol partition was binding on Eloise Woods, it was necessarily binding on those claiming under her.

Appellant has assailed the judgment of the trial court mainly on the grounds (1) that the partition, being by parol, was in contravention of the statute of frauds; (2) that said parol partition being between husband and wife, Mrs. Eloise Woods, by reason of her coverture, was precluded from making a binding contract; (3) that the court permitted plaintiff, W. L. Woods, to testify to an oral agreement as to separation and partition of property between himself and Eloise Woods, deceased, in violation of the provisions of Article 3716, Vernon's Annotated Civil Statutes; and (4) that the evidence was insufficient to support the findings of fact found by the trial court.

■ It has always been the settled law in Texas that a valid, enforceable, parol partition of land can be made by the joint owners thereof, and that the same is not prohibited by the statute of frauds, and that married women are not excepted from this rule. Aycock v. Kimbrough, 71 Tex. 330, 12 S.W. 71, 10 Am.St.Rep. 745; Scott v. Watson, Tex.Civ.App., 167 S.W. 268; Wilson v. Beck, Tex.Civ.App., 286 S.W. 315; Houston Oil Co. v. Kirkindall, Tex. Sup., 145 S.W.2d 1074, points 5–7, page 1077. We think it is equally as well settled that a husband and wife, upon permanent separation, can, by parol, partition property between themselves, and that such a contract is a valid and enforceable one. Moore v. Moore, 28 Tex.Civ.App. 600, 68 S.W. 59; Rains v. Wheeler, 76 Tex. 390, 13 S.W. 324, point 4, page 326; Johnson v. Johnson, Tex.Com.App., 14 S.W.2d 805; 15 Tex.Jur. sec. 183, p. 699. It is true that such agreement may be annulled by subsequent reconciliation, followed by resumption of marital relations (see Hornsby v. Hornsby, 127 Tex. 474, 93 S.W.2d 379, point 1, for collation of authorities), but no such contention is here raised, and the contrary abundantly appears. Assignments Nos. 1 and 2 are therefore overruled.

■ We have carefully considered that assignment of error, wherein the appellant complains that the court erred in permitting plaintiff, W. L. Woods, to testify to an oral agreement as to separation and partition of property between himself and deceased wife in violation of the provisions of said Article 3716, aforesaid. The trial court further found "that there was ample admissible evidence aliunde to support the conclusions of fact * * *" found by him. We have carefully reviewed the testimony in the record, and we are of the opinion and find that there was other competent evidence adduced sufficient to support the findings of fact found by the trial court as to the parol separation agreement and partition of the community property made by plaintiff to and with his deceased wife. Therefore, this assignment is controlled by the general rule that, when a cause is tried before the court without a jury, the admission of illegal evidence (which point becomes unimportant and which we do not decide) is not cause for reversal when there is sufficient legal testimony to justify the court's findings. Schleicher v. Markward, 61 Tex. 99, point page 102; Ferguson v. Ferguson, Tex. Com.App., 23 S.W.2d 673. Assignments Nos. 3 and 4 are overruled.

We have carefully considered each of the other assignments raised and are of the opinion that each is without merit. All other assignments are therefore overruled.

The judgment of the trial court is affirmed.

### On Application for Leave to File Motion for Rehearing.

Appellant, Barnie Cantrell, presents an application for leave to file motion for rehearing on the judgment in favor of W. L. Woods against him. Our opinion and judgment affirming the decree of the lower court in favor of Woods against Cantrell was rendered on March 27, 1941, and said judgment was entered upon the minutes of this court on the same day. The clerk of this court on the same day mailed copy of the opinion to appellant and a card showing disposition of the cause to his associate counsel. The fifteen days thereafter in which the filing of motion for rehearing was permissible under Art. 1877, Vernon's Annotated Civil Statutes, expired at midnight, April 11, 1941. On Saturday morning, April 12th, the clerk received the following telegram from appellant: "Cantrell v. Woods Motion For Rehearing Reaching Your Office Today. Please File Mark Today." Upon receipt of this telegram the clerk telephoned appellant and advised him that she could not file the motion for rehearing when it was received, because the time had expired within which it could be filed. Appellant then talked with a member of this court who advised him that he would have to file a motion for leave to file motion for rehearing. The motion for rehearing was mailed in Dallas Saturday morning, April 12th, and reached the clerk's office by special delivery that afternoon. The motion for permission to file motion for rehearing was received by the clerk and filed on Monday, April 14th. Appellee was served with notice and copy of that motion and has not made any answer or objection to the motion for rehearing being filed.

Appellant, an attorney, in his motion for leave to file motion for rehearing, substantially alleges: (1) that it was his opinion that midnight, April 12, 1941, was the last day on which motion for rehearing could be filed; (2) that "for the greater portion of the time since the opinion was rendered in this cause, appellant has been ill with an infection of the nose and throat, resulting in some fever and a severe cough and under the treatment of Dr. (giving his name), and as a result thereof was indisposed to perform legal work;" (3) that he is the only attorney in the case cognizant of the facts in the brief filed and therefore the only lawyer in position to prepare the motion for rehearing, and being ill and believing that April 12th was the last day in which said motion could be filed submitted to his illness and waited until the 12th day of April to file said motion; (4) that his failure to present his motion on the 11th day of April was due to a misapprehension of fact as to the date on which to file, and, to illness which rendered him physically unable to prepare same.

Our courts have repeatedly held that the above statute must be enforced. Our Supreme Court, in the case of Sams' v. Creager, 85 Tex. 497, 22 S.W. 399, in effect, held that the above statute can be relaxed in the event good cause is shown. The court said: "If it had been shown that the failure to file the motion within the time prescribed by law resulted from accident, or cause other than neglect of applicant, this court might consider the application, notwithstanding that the court of civil appeals had not acted on the motion for a rehearing; * * *." In the case at bar the record shows that appellant had other counsel who actively participated in the trial of the cause in the court below. In fact, it appears that his counsel examined all of the witnesses in the trial court in behalf of appellant. Such counsel's name appears on the brief filed by appellant in this court and such counsel's name further appears on the application for leave to file and the motion for rehearing. As we view the matter, no satisfactory explanation is offered as to why his associate counsel could not have prepared and filed the motion for rehearing in time. Appellant's motion for permission to file does not specifically state just when he became ill nor when he was able to resume his legal work. The envelope which contained the motion for rehearing was registered and mailed in Dallas on the morning of April 12th. We think that we must conclude that the motion was actually prepared some time previous to the morning of April 12th and within the time permitting it to be filed, and that no satisfactory excuse or explanation is given as to why said motion for rehearing was not mailed in time to have reached the clerk's office within the time required by law. In fact, appellant says that he "would have left his sick bed and prepared the same but for the misapprehension of fact as to the date same might be filed." In view of the fore-

going allegation, we think it appears that appellant's failure to prepare the motion in time was due solely to his misapprehension as to the date that same should have been filed rather than to his illness. Appellant's motion fails to show merit. Kneeland v. Miles, Tex.Civ.App., 25 S.W. 486; Houston & T. C. Ry. Co. v. Grigsby, 13 Tex.Civ.App. 639, 35 S.W. 2d 815, 36 S.W. 496, writ denied; Anderson v. First Nat. Bank of LaGrange, Tex. Civ.App., 191 S.W. 836, point 12 page 842.

Appellant's motion for leave to file motion for rehearing is denied.